1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### UNITED STATES DISTRICT COURT,
### WESTERN DISTRICT OF WASHINGTON

MIKAL CORDOVA HARRISON,

        Plaintiff,

vs.

PUBLIC STORAGE; CFP FIRE
PROTECTION/MOORE FIRE PROTECTION;
GILLASPY RHODE FADDIS & BENN, LLC;
SEYFARTH SHAW LLP; ELIZABETH
RHODE; ANDREW ESCOBAR; CHRIS
BOUQUET; BRENDA RADMACHER; AND
DOES 1–10, DEFENDANTS.,

        Defendants

Case No. 2:25-cv-02431-JHC

**COMPLAINT FOR ABUSE OF PROCESS,
MISREPRESENTATION, AND RELATED
CLAIMS
(JURY TRIAL DEMANDED)**

### COMPLAINT FOR ABUSE OF PROCESS, MISREPRESENTATION,
### AND RELATED CLAIMS

#### I. INTRODUCTION

1.  Plaintiff brings this action against two corporate defendants—Public Storage and CFP
Fire Protection/Moore Fire Protection—and against the law firms and individual attorneys who
represented them in related state-court litigation, for a coordinated pattern of abuse of process,
deception, concealment, manufactured evidence, obstruction, and misuse of judicial procedures.

2.  Defendants' misconduct has extended over more than a year and includes: litigating
under a void consolidation order they never served; filing an Answer five months late while in
default; submitting altered evidence; destroying metadata; concealing discovery; providing

contradictory statements to multiple courts; manipulating mediation and judicial settlement processes; and exploiting Plaintiff's pro se status to delay, mislead, and obstruct.

3. As a direct and foreseeable result of Defendants' conduct, Plaintiff and her children suffered extreme financial destabilization, risk of homelessness, loss of income, emotional distress, and significant procedural harm.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1367 because Plaintiff asserts federal claims involving misuse of judicial process, constitutional due-process injury, and related misconduct, and because all claims arise from a common nucleus of operative facts.

5. Venue is proper in the Western District of Washington, Seattle Division, under 28 U.S.C. § 1391 because all acts, omissions, and injuries occurred in this District and all Defendants regularly conduct business or practice law here.

## III. PARTIES

*A. Plaintiff*

6. Plaintiff Mikal Cordova Harrison is a resident of King County, Washington. She is the mother of three minor children, ages 5, 9, and 10, and is also the primary caregiver for her 15-year-old sister. Plaintiff suffered extensive financial, emotional, and procedural harm as a result of Defendants' actions.

*B. Defendants*

7. Public Storage is the largest self-storage corporation in the world, operating facilities throughout Washington, including the Seattle facility where the underlying incident occurred. Public Storage regularly conducts business in this District.

8. CFP Fire Protection, Inc. / Moore Fire Protection, LLC (collectively "CFP/Moore") are jointly responsible for the fire-sprinkler inspection work performed at Public Storage on October 5, 2023. Moore Fire Protection acted as an affiliate and assigned subcontractor of CFP. Moore's insurer is funding CFP's legal defense in the underlying state-court litigation. Both entities conduct business within this District.

9. Gillaspy Rhode Faddis & Benn LLC (GRFB) is a Washington law firm and represents CFP/Moore in the related state-court matter. GRFB and its attorneys actively participated in the acts of abuse of process and litigation misconduct described in this Complaint.

10. Seyfarth Shaw LLP is a national law firm that represents Public Storage. Seyfarth Shaw and its attorneys engaged in coordinated misconduct with GRFB and the corporate defendants, including misrepresentations, concealment, and improper use of judicial processes.

11. Elizabeth Rhode is a partner at GRFB and represents CFP/Moore. She personally participated in and directed many of the acts of misconduct described herein.

12. Andrew Escobar, Chris Bouquet, and Brenda Radmacher are attorneys of Seyfarth Shaw LLP who represented Public Storage. Each participated in communications, filings, and coordinated actions that constitute abuse of process.

13. DOES 1–10 are individuals or entities whose identities are presently unknown but who participated in, directed, or assisted with the misconduct alleged in this Complaint.

## IV. FACTUAL BACKGROUND

*1. Misrepresentation of Representation and Pre-Litigation Conduct*

14. Before CFP/Moore formally appeared in the state-court action, their counsel repeatedly changed or obscured who they represented when communicating with Plaintiff. On multiple occasions, Plaintiff asked counsel to identify their client, and counsel alternated between claiming to represent "Moore Fire Protection," "CFP Fire Protection," or "both in a way," creating confusion and preventing Plaintiff from understanding who was responsible for the incident.

15. During this period, Plaintiff repeatedly asked CFP/Moore for their insurance information so she could file a claim for her losses. CFP/Moore ignored or refused these requests. Public Storage also refused to provide its liability insurance information and instead funneled Plaintiff to Sedgwick, which attempted to lowball, mislead, and discouraged her from pursuing full compensation.

16. Plaintiff attempted for nearly a year to resolve her property-damage claim without litigation, but Defendants' refusal to acknowledge responsibility or provide insurance pathways forced Plaintiff to file suit and caused Plaintiff additional and compounding harm and damage.

*2. Service and Consolidation Misconduct*

17. In the state-court litigation, CFP/Moore filed a motion to consolidate cases without ever serving Public Storage. Public Storage later admitted in discovery that it was never served. CFP/Moore admitted the same.

18. Despite knowing service never occurred, CFP/Moore proceeded as though the consolidation was valid, and Public Storage adopted that posture once it was later served with Plaintiff's separate complaint.

19. Both law firms continued to litigate under the void consolidation order, made filings referencing it, and benefited from judicial confusion without correcting the record.

*3. Default and Posture Manipulation*

20. CFP failed to file a timely Answer, placing it in legal default. Filing an Answer is a basic, routine litigation task calendared and performed automatically by competent counsel; failing to do so is not reasonably accidental. CFP filed a motion for consolidation while in default, without standing to seek affirmative relief and without seeking leave of court to cure its default.

21. Only after Plaintiff filed the default motion did CFP/Moore file their Answer—five months late—and without filing any motion for leave, without acknowledging their default status, and without responding to the motion.

22. CFP/Moore's counsel sent Plaintiff a Google search link suggesting that courts usually "ignore" default when an Answer appears, an inappropriate and misleading communication designed to exploit Plaintiff's pro se status.

23. Throughout litigation, Defendants treated the void consolidation order as binding, enabling both law firms to file joint statements and motions that masked CFP/Moore's default and prevented proper case posture.

*4. Coordinated Law Firm Misconduct*

24. GRFB and Seyfarth Shaw coordinated litigation positions despite representing separate defendants with distinct negligence exposure. This coordination included shared arguments, mirrored objections, parallel delay tactics, and refusal to disclose records involving communication between the two defendants.

25. Both law firms refused to correct procedural errors, including the void consolidation and CFP/Moore's default, despite ethical duties to ensure accurate representations to the court.

*5. Mediation and Judicial Settlement Conference Misuse*

26. After obtaining a lengthy continuance on the false basis that they needed more time for discovery, Defendants attempted to push Plaintiff into mediation designed for low-income

family-law litigants, misusing court resources and attempting to exploit Plaintiff's financial vulnerability.

27. When Plaintiff declined mediation, Defendants moved for a judicial settlement conference (JSC). Plaintiff was compelled to participate due to the court's order.

28. During the JSC process, Defendants selectively produced documents and disclosures they had withheld during normal discovery, using the confidential setting to influence Plaintiff's litigation posture.

29. Defendants later claimed JSC materials were privileged and protected, yet produced some of the same materials elsewhere to their benefit, contradicting their own privilege assertions and absence of a privilege log.

*6. Evidence Manipulation and Metadata Destruction*

30. Public Storage produced a critical "flood notification email" that allegedly was sent to Plaintiff the day after the incident. Plaintiff has no record of this email. Unlike all legitimate billing or notice emails Plaintiff had ever received from Public Storage—each sent from the same authenticated server—this email came from a different IP address, a different provider, lacked authentication, and was routed through a third-party server.

31. An email appeared in Plaintiff's spam folder on October 17, 2023, 12 days post incident, indicating it did not originate from Public Storage's legitimate infrastructure. This inconsistency strongly suggests that the email was generated or resent after the fact.

32. Public Storage refused to produce the email's metadata despite Plaintiff's explicit request. Instead, Public Storage provided a single merged PDF containing multiple documents, destroying all embedded metadata and concealing routing information, timestamps, and digital footprints.

33. Defendants' CRM "activity log" also contains inconsistencies, including entries that appear modifiable without audit trails, unsupported claims of attempted phone calls, and timestamps that do not align with known server behavior.

*7. Harm to Plaintiff and Her Family*

34. Defendants' misconduct directly caused Plaintiff severe financial destabilization, including risk of eviction, loss of income, and inability to provide necessary therapy and educational support for her minor children.

35. Plaintiff's three young children and her 15-year-old sister, for whom she is the primary caregiver, have suffered emotional, educational, and material hardship due to Defendants' actions and delays.

36. Plaintiff also endured significant emotional distress due to prolonged uncertainty, and has been experiencing PTSD symptoms from previous durations of fear of homelessness and the associated dangers which is directly linked to the procedural confusion created by Defendants, and ongoing exploitation of her pro se status.

*8. Pattern of Coordinated Conduct Among Defendants*

37. After the October 5, 2023 incident, Defendants CFP Fire Protection and Public Storage, acting through their respective counsel, participated in a pattern of coordinated litigation conduct intended to suppress Plaintiff's claims, prevent proper adjudication, and maintain an advantage created by defective service and an improperly attached consolidation order.

38. Both Defendants knowingly relied on the same procedural defects to their benefit, despite being fully aware that Public Storage had not been served with the consolidation motion, had not been part of the original proceeding, and had not voluntarily joined the motion at the time the consolidation order was entered.

39. Defendants jointly embraced the incorrect caption and defective procedural posture as the foundation of their litigation strategy. Neither Defendant took steps to correct the record, alert the court, notify Plaintiff, or clarify the jurisdictional defects, despite having actual knowledge of the inconsistencies and defects.

40. Defendants coordinated their positions and defense strategies across multiple filings, including but not limited to identical or near-identical arguments, shared reliance on the same defective consolidation order, mirrored representations to the court, and synchronized opposition filings, including coordinated briefing submitted in response to Plaintiff's Petition for Discretionary Review to the Washington Supreme Court.

41. Defendants' synchronized filings demonstrate that their litigation approach was not independent but mutually designed to preserve the benefits of the improper consolidation and service defects. The timing, content, and alignment of these filings show that the Defendants acted jointly to protect a defective procedural structure that prejudiced Plaintiff.

*9. Knowing Exploitation of Jurisdictional and Procedural Defects*

42. CFP Fire Protection knew it had never properly served the consolidation motion on Plaintiff, and that Public Storage was not a party to the action at the time the consolidation order was entered. Despite this knowledge, CFP proceeded to litigate as if valid jurisdiction existed over all parties.

43. Public Storage subsequently joined the action not through proper service but by relying on an order that had been attached to the wrong case number and entered at a time when Public Storage had not been properly brought before the court. Public Storage never corrected the error, instead affirmatively litigating based on the defective procedural posture.

44. Both Defendants repeatedly used the defective consolidation to reshape the procedural narrative, allowing Public Storage to appear as if it had been properly before the court all along, which concealed the lack of jurisdiction and undermined Plaintiff's ability to litigate fairly.

*10. Coordinated Use of Evasive and Contradictory Discovery Responses*

45. During discovery, both Defendants provided materially similar evasive and contradictory responses to Plaintiff's Requests for Admission, including denials of foundational legal principles such as the effect of failure of service on jurisdiction. These denials were inconsistent with established law and served only to protect the defective procedural posture benefitting Defendants.

46. Defendants' coordinated denials, including identical objections and language patterns, further demonstrate that their litigation conduct was not independent but jointly executed to obstruct Plaintiff's claims and perpetuate procedural misconduct.

*11. Harmful Impact of Coordinated Litigation Misconduct*

47. The combined conduct of Defendants caused Plaintiff extended prejudice, including delay, confusion, obstruction of Plaintiff's access to the courts, and inability to obtain a fair and timely adjudication.

48. Defendants' joint actions deprived Plaintiff of due process and meaningful participation in her state court case, as the litigation was built on a foundation of defective service, incorrect jurisdiction, improper consolidation, and coordinated defense tactics that perpetuated these defects.

*12. Federal Civil Rights Violations Through Coordinated Action*

49. Defendants, acting jointly and through coordinated counsel, engaged in a pattern of conduct that deprived Plaintiff of her constitutional rights, including her right to access the courts, her right to due process, and her right to a fair and unbiased adjudicatory process.

50. The coordinated nature of Defendants' actions supports claims under 42 U.S.C. § 1983 and § 1985, as their joint reliance on a defective procedural posture, synchronized defenses, and mutual concealment of jurisdictional defects constituted a conspiracy to interfere with Plaintiff's civil rights.

51. The Supreme Court filings provide further evidence of Defendants' coordinated conduct, as each Defendant opposed correction of the same procedural defect using parallel reasoning, timing, and structural arguments. This coordination underscores the pattern of joint action that forms the basis of Plaintiff's federal claims for deprivation of due process and interference with access to the courts.

*13. Plaintiff has attached Exhibits 1–4 in support of the core federal causes of action.*

These exhibits consist of (1) the coordinated, synchronized filings submitted by Defendant CFP Fire Protection and Defendant Public Storage in response to Plaintiff's Petition for Discretionary Review in the Washington Supreme Court, and (2) the respective sets of Requests for Admission issued to CFP and Public Storage, along with their materially similar, contradictory, and evasive responses. Taken together, these documents demonstrate a clear pattern of coordinated litigation conduct, shared reliance on known procedural defects, and parallel positions designed to preserve an improper consolidation order and obstruct Plaintiff's access to a fair adjudication. The exhibits corroborate Plaintiff's allegations that Defendants acted jointly to exploit jurisdictional defects, suppress valid claims, and engage in conduct that resulted in the deprivation of Plaintiff's due-process and access-to-court rights.

### V. CAUSES OF ACTION

*Count I – Abuse of Process*

52. Plaintiff realleges and incorporates all preceding paragraphs.

53. Defendants knowingly used judicial procedures for purposes other than their intended function, including concealing a void consolidation, litigating under false procedural posture, masking a default, manipulating scheduling, and exploiting Plaintiff's pro se status.

54. Defendants' conduct was willful, strategic, and designed to obstruct Plaintiff's ability to

obtain a fair adjudication of her claims.

55. Defendants' misuse of process caused Plaintiff substantial financial harm, litigation b burdens, and emotional distress.

*Count II – Negligent and Intentional Misrepresentation*

56. Plaintiff realleges and incorporates all preceding paragraphs.

57. Defendants made false statements and omissions concerning service of the consolidation motion, status of consolidation, procedural posture, timing and authenticity of evidence, and their attempts to contact Plaintiff.

58. Defendants knew or should have known these representations were false, and made them with the intent that Plaintiff rely on them.

59. Plaintiff reasonably relied on these misrepresentations and suffered harm, including delay, increased litigation burdens, and compromised ability to present her case.

*Count III – Civil Conspiracy*

60. Plaintiff realleges and incorporates all preceding paragraphs.

61. Defendants GRFB, Seyfarth Shaw, Public Storage, and CFP/Moore acted in concert with a common plan to obstruct, delay, mislead, and manipulate judicial processes for their collective benefit.

62. Defendants coordinated legal strategies, shared arguments, concealed critical information, and engaged in parallel misconduct that would not have occurred independently.

63. Defendants' conspiracy caused Plaintiff financial harm, emotional distress, and procedural injury.

## VI. DAMAGES

*A. Economic Damages*

64. Plaintiff suffered substantial financial losses directly caused by Defendants' misconduct, including but not limited to: loss of personal and business property, loss of income, increased debt, out-of-pocket expenses, and costs associated with defending against procedural abuses.

*B. Procedural and Litigation-Induced Damages*

65. Defendants' misuse of judicial processes caused Plaintiff needless litigation expenses, delays, additional filings, and financial instability that would not have occurred but for

Defendants' actions.

66. Plaintiff also expended time and resources addressing a void consolidation order, a concealed default, manipulated postures, and forced participation in proceedings designed to pressure settlement.

*C. Emotional Distress and Mental Anguish*

67. Defendants' actions caused Plaintiff severe emotional distress, including anxiety, depression, exhaustion, fear and a prolonged state of uncertainty due to fabricated evidence, delayed proceedings, and deliberate procedural confusion.

*D. Harm to Plaintiff's Minor Children and Dependent*

68. Plaintiff's three minor children (ages 5, 9, and 10) and her 15-year-old sister suffered material, educational, and emotional harm due to Defendants' misconduct, including instability in housing, reduced access to therapy and support services, and loss of essential resources resulting from Defendants' delays.

*E. Punitive Damages*

69. Defendants' conduct was malicious, oppressive, and carried out with reckless disregard for Plaintiff's rights. Punitive damages are warranted to deter Defendants and others from engaging in similar misconduct.

*F. Additional Damages*

70. Plaintiff reserves the right to seek all other damages permitted by law, including statutory, equitable, and compensatory damages arising during the course of this litigation.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

*A. Compensatory Damages*

71. All economic damages, including financial losses, property losses, lost income, out-of-pocket expenses, and all other monetary harm caused by Defendants' misconduct.

*B. Emotional Distress Damages*

72. Damages for severe emotional distress, mental anguish, and suffering caused by Defendants' actions.

*C. Punitive Damages*

73. Punitive damages sufficient to punish Defendants for their willful, malicious, and

reckless disregard for Plaintiff's rights and to deter similar conduct in the future.

*D. Equitable and Declaratory Relief*

74. Orders declaring Defendants' conduct unlawful, improper, and abusive under federal law, and granting any equitable relief necessary to remedy ongoing harm.

*E. Reservation of Right to Seek Forensic Examination*

75. Plaintiff expressly reserves the right to move for the appointment of a neutral, court appointed forensic IT examiner pursuant to Fed. R. Civ. P. 34, 37, and 53, to independently evaluate Defendants' electronically stored information (ESI), server logs, metadata, CRM audit trails, email routing data, voicemail system records, and all digital footprints relevant to this matter.

76. This reservation is necessary due to Defendants' production of altered, incomplete, and metadata-destroyed documents, and their use of a non-authenticated third-party email server to produce a key communication.

*F. Costs and Fees*

77. Costs of suit and any applicable fees as permitted by law.

*G. Any Further Relief*

78. Any additional relief the Court deems just and proper.

**VIII. JURY DEMAND**

79. Plaintiff demands a trial by jury on all issues so triable as a matter of right under the United States Constitution and applicable federal law.

Dated: November 27, 2025

Respectfully submitted,

_____
Mikal Cordova Harrison, Pro Se Plaintiff
 *ARR-w/o Prejudice, UCC 1-308*
PO Box 257 PMB 10283
Olympia, WA 98507-0257
206-854-6876
whitneymcordova@gmail.com

# EXHIBIT A

Public Storage's admissions to Plaintiff's first set of RFAs.

<span style="color:red">**EXHIBIT A**</span>

1

2

3

4
       The Honorable Tanya Thorp
       Department 27

5

6
    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
    IN AND FOR COUNTY OF KING

7

8
MIKAL CORDOVA HARRISON,       |  Case No. 24-2-18021-4 SEA

9
          Plaintiff,     |  **DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC STORAGE CAPITOL HILL'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSION**

10
    v.

11
SHURGARD STORAGE CENTERS dba
PUBLIC STORAGE CAPITOL HILL,

12
          Defendant.

13

14    Defendant Shurgard Storage Centers dba Public Storage Capitol Hill ("Responding

15  Party"), by and through his attorneys, hereby submits its Responses to Plaintiff's First Request for

16  Admission as follows:

17                   **<u>PRELIMINARY STATEMENT</u>**

18      In accordance with Civil Rules 26 and 36, as well as Local Civil Rules 26 and 36,

19  Responding Party responds to the requests for admissions from Plaintiff Mikal Cordova Harrison

20  ("Plaintiff" or "Propounding Party"). The responses herein are based upon information obtained

21  to date and may need to be modified and/or supplemented because discovery is ongoing and

22  several witnesses with potentially pertinent testimony to the Requests have yet to be deposed.

23  Responding Party hereby reserves the right to revise or supplement its responses if necessary.

24      Responding Party objects to this set of requests for admission as a whole and is responding

25  to them as a courtesy. Plaintiff's First Set of Requests for Admission were not served in compliance

26  with Washington Civil Rule 5(b)(7) and only sent by e-mail on August 20, 2025.  However,

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION - 1
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 13 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1  Plaintiff's e-mail message was directed to counsel for Defendant, Consolidated Fire Protection,

2  LLC ("CFP"), as part of an ongoing and unrelated e-mail thread about CFP's discovery requests

3  to Plaintiff, with a subject line of "Re: Subject: Response to Discovery Correspondence."  Counsel

4  for Responding Party was only copied on the ongoing thread which contained nothing to indicate

5  an attempt to formally serve new discovery requests through that e-mail message.  The e-mail

6  service did not include the case name, number, or other identifying information in the subject line.

7  Furthermore, Plaintiff's First Set of Requests for Admission to Responding Party contained a

8  misleading footer that labeled the document "PLAINTIFF'S FIRST REQUEST FOR

9  ADMISSION TO **DEFENDANT, CFP/MOORE FIRE PROTECTION** AND THEIR

10  COUNSEL [emphasis added]."

11      Washington Civil Rule 5(b)(7) states in pertinent part that "Service under this rule may be

12  made by delivering a copy by any other means, including facsimile or electronic means, **consented**

13  **to in writing by the person served or as authorized under local court rule**."  (emphasis added.)

14  Responding Party has not consented to e-mail service of written discovery or this set of discovery,

15  and thus the service was invalid.   As a result of these service issues, Responding Party was

16  unaware that Plaintiff attempted service of these requests, and remained unaware until it was

17  served with Plaintiff's Settlement Conference Brief on October 7, 2025.

18      However, subject to and without waiving these overall objections and issues, and in an

19  effort to participate in the discovery process despite the improper service, Responding Party now

20  submits these responses.

21                              **REQUESTS FOR ADMISSION**

22  **REQUEST FOR ADMISSION NO. 1:**  Admit that Plaintiff was a tenant of two units at the

23  Public Storage facility 8501 at the time of the October 5, 2023 flooding incident.

24  **RESPONSE:**

25      Admit.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 14 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

2    response.

3    **REQUEST FOR ADMISSION NO. 2:**  Admit that you were aware of the scheduled fire sprinkler

4    inspection that took place on October 5, 2023.

5    **RESPONSE:**

6    Admit.

7    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

8    response.

9    **REQUEST FOR ADMISSION NO. 3:**  Admit that you were aware of prior deficiencies in the

10   fire sprinkler or suppression system before October 5, 2023.

11   **RESPONSE:**

12   Objection.  Responding Party objects to the extent that this Request is vague and

13   ambiguous as to the term "prior deficiencies," and calls for expert opinion.

14   Without waiving and subject to the foregoing objections, Responding Party responds as

15   follows:

16   Responding Party is unable to admit or deny this Request as stated.  As such, and based

17   upon the foregoing objections, Responding Party denies this Request.

18   Discovery is ongoing and Responding Party reserves the right to supplement or amend this

19   response.

20   **REQUEST FOR ADMISSION NO. 4:**  Admit that you authorized CFP Fire Protection to

21   conduct the inspection on October 5, 2023.

22   **RESPONSE:**

23   Admit.

24   Discovery is ongoing and Responding Party reserves the right to supplement or amend this

25   response.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 15 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1   **REQUEST FOR ADMISSION NO. 5:**  Admit that Moore Fire Protection, an affiliate of CFP,

2   conducted the fire sprinkler inspection test on October 5, 2024.

3   **RESPONSE:**

4       Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

5   overbroad, and compound.  Responding Party further objects to this Request to the extent that it

6   seeks admission which cannot be made cleanly and without qualification. *Weyerhauser Sales Co.*

7   *v. Holden*, 32 Wn.2d 714, 726, 203 P.2d 685, 692 (1949).

8       Subject to and without waiving the foregoing objections, Responding Party responds as

9   follows:

10      Responding Party denies that Defendant CFP/Moore Fire Protection, LLC conducted the

11  fire sprinkler inspection test on October 5, 2024, insofar as the inspection was actually conducted

12  on October 5, 2023.  Responding Party admits that to the best of its knowledge, Defendant

13  CFP/Moore Fire Protection, LLC conducted the inspection on October 5, 2023, but has insufficient

14  information to confirm the relationship between Moore Fire Protection and CFP.

15      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

16  response.

17  **REQUEST FOR ADMISSION NO. 6:**  Admit that Public Storage and Moore Fire Protection

18  were the only parties onsite during the fire system inspection on October 5, 2023.

19  **RESPONSE:**

20      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

21  and overbroad.

22      Without waiving and subject to the foregoing objections, Responding Party responds as

23  follows:

24      Responding Party is unable to admit or deny this Request as stated.  As such, and based

25  upon the foregoing objections, Responding Party denies this Request.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 16 of 89

1    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

2   response.

3   **REQUEST FOR ADMISSION NO. 7:**  Admit that no other parties were involved or responsible

4   or present at or during the time of the sprinkler inspection test that could be liable for flood and

5   the associated damages.

6   **RESPONSE:**

7    Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

8   overbroad, compound, and calls for a legal conclusion regarding potential liability, which is

9   improper under CR 36.

10    Without waiving and subject to the foregoing objections, Responding Party responds as

11   follows:

12    Responding Party is unable to admit or deny this Request as stated.  As such, and based

13   upon the foregoing objections, Responding Party denies this Request.

14    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

15   response.

16   **REQUEST FOR ADMISSION NO. 8:**  Admit that you did not notify Plaintiff of the inspection

17   or of the flooding incident until twelve (12) days later.

18   **RESPONSE:**

19    Objection.  Responding Party objects to the extent that this request is vague, ambiguous,

20   and compound.

21    Subject to and without waiving the foregoing objections, Responding Party responds as

22   follows:

23    Deny.

24    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

25   response.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 17 of 89

1   **REQUEST FOR ADMISSION NO. 9:**  Admit that repairs began on or about October 6, 2023.

2   **RESPONSE:**

3   Objection.  Responding Party objects to the extent that this request is vague and ambiguous

4   as to the term "repairs."  Responding Party further objects to this Request to the extent that it seeks

5   admission which cannot be made cleanly and without qualification. *Weyerhauser Sales Co. v.*

6   *Holden*, 32 Wn.2d 714, 726, 203 P.2d 685, 692 (1949).

7   Subject to and without waiving the foregoing objections, Responding Party responds as

8   follows:

9   Responding Party is unable to admit or deny this Request as stated.  Repairs only began on

10  October 6, 2023, on the public portions of Responding Party's facilities.  Responding Party was

11  unable to conduct repairs on any individual storage units until the unit occupants came to remove

12  their belongings.

13  Discovery is ongoing and Responding Party reserves the right to supplement or amend this

14  response.

15  **REQUEST FOR ADMISSION NO. 10:**  Admit that a fire system alert or warning condition was

16  active between October 5 and October 8, 2023, and that you did not notify tenants during that time.

17  **RESPONSE:**

18  Objection.  Responding Party objects to the extent that this request is vague and ambiguous

19  as to the terms "fire system alert," "warning condition," and "active," and is compound.

20  Without waiving and subject to the foregoing objections, Responding Party responds as

21  follows:

22  Responding Party is unable to admit or deny this Request as stated.  As such, and based

23  upon the foregoing objections, Responding Party denies this Request.

24  Discovery is ongoing and Responding Party reserves the right to supplement or amend this

25  response.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 18 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1   **REQUEST FOR ADMISSION NO. 11:** Admit that you have initiated or participated in a

2 subrogation process or insurance claim against CFP Fire Protection regarding the October 5, 2023

3 flooding.

4   **RESPONSE:**

5      Objection. Responding Party objects to the extent that this Request is vague and

6 ambiguous, compound, and irrelevant. Responding Party further objects that this Request is not

7 likely to lead to the discovery of admissible evidence.

8      Without waiving and subject to the foregoing objections, Responding Party responds as

9 follows:

10      Responding Party is unable to admit or deny this Request as stated. As such, and based

11 upon the foregoing objections, Responding Party denies this Request.

12      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

13 response.

14   **REQUEST FOR ADMISSION NO. 12:** Admit that you have received or requested

15 reimbursement from CFP or any insurer related to damages caused by the October 5, 2023 flood

16 through subrogation efforts.

17   **RESPONSE:**

18      Objection. Responding Party objects to the extent that this Request is vague and

19 ambiguous, compound, and irrelevant. Responding Party further objects that this Request is not

20 likely to lead to the discovery of admissible evidence.

21      Without waiving and subject to the foregoing objections, Responding Party responds as

22 follows:

23      Responding Party is unable to admit or deny this Request as stated. As such, and based

24 upon the foregoing objections, Responding Party denies this Request.

25      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

26 response.

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 19 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1  **REQUEST FOR ADMISSION NO. 13:** Admit that you received a letter from the Seattle Fire

2  Marshal's Office notifying you that the sprinkler system was not up to code.

3  **RESPONSE:**

4      Objection. Responding Party objects to this Request to the extent that it is overbroad in

5  time and scope and calls for expert opinion. Responding Party further objects to this Request to

6  the extent that it seeks admission which cannot be made cleanly and without qualification.

7  *Weyerhauser Sales Co. v. Holden*, 32 Wn.2d 714, 726, 203 P.2d 685, 692 (1949).

8      Subject to and without waiving the foregoing objections, Responding Party responds as

9  follows:

10     Deny.

11     Discovery is ongoing and Responding Party reserves the right to supplement or amend this

12 response.

13 **REQUEST FOR ADMISSION NO. 14:** Admit that you have communicated with CFP Fire

14 Protection or their counsel about this case outside of the official court record.

15 **RESPONSE:**

16     Objection. Responding Party objects to this Request to the extent that it is vague and

17 ambiguous as to which communications are referenced and what constitutes "outside of the official

18 court record." Further, it improperly assumes facts not established.

19     Subject to and without waiving the foregoing objections, Responding Party responds as

20 follows:

21     Admit.

22     Discovery is ongoing and Responding Party reserves the right to supplement or amend this

23 response.

24 **REQUEST FOR ADMISSION NO. 15:** Admit that you were not served with CFP/ Moore Fire

25 Protection's Consolidate motion at the time it was filed or when the order was granted.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 20 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    **RESPONSE:**

2        Objection.  Responding Party objects to this Request to the extent that it is vague and

3    ambiguous, and compound.

4        Subject to and without waiving the foregoing objections, Responding Party responds as

5    follows:

6        Admit.

7        Discovery is ongoing and Responding Party reserves the right to supplement or amend this

8    response.

9    **REQUEST FOR ADMISSION NO. 16:**  Admit that the courts did not have personal legal

10   jurisdiction over Public Storage at the time the motion to consolidate was filed and later ordered

11   in December 2024.

12   **RESPONSE:**

13       Objection.  Responding Party objects to the extent that this request is vague, ambiguous,

14   compound, and overbroad as to time; it also improperly calls for a legal conclusion, which is

15   improper under CR 36.  Responding Party further objects that this request is premature and subject

16   to dispute.

17       Subject to and without waiving the foregoing objections, Responding Party responds as

18   follows:

19       Responding Party is unable to admit or deny this Request as stated, as the only

20   determination regarding jurisdiction can be made by the Court. As such, and based upon the

21   foregoing objections, Responding Party denies this Request.

22       Discovery is ongoing and Responding Party reserves the right to supplement or amend this

23   response.

24

25

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 21 of 89

1  **REQUEST FOR ADMISSION NO. 17:**  Admit that jurisdiction was legally established when

2  you finally filed your NOA in late March 2025.

3  **RESPONSE:**

4      Objection.  Responding Party objects to the extent that this request is vague, ambiguous,

5  and calls for a legal conclusion regarding jurisdiction, which is improper under CR 36.

6  Responding Party further objects that this request is premature and subject to dispute.

7      Subject to and without waiving the foregoing objections, Responding Party responds as

8  follows:

9      Responding Party is unable to admit or deny this Request as stated, as the only

10  determination regarding jurisdiction can be made by the Court. As such, and based upon the

11  foregoing objections, Responding Party denies this Request.

12      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

13  response.

14  **REQUEST FOR ADMISSION NO. 18:**  Admit that although you were aware of the

15  consolidation, you decided not to appear before the court, and only did so with the Plaintiff served

16  you with the amended complaint, summons and case schedule in mid March 2025.

17  **RESPONSE:**

18      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

19  overbroad in time and scope, and compound.  Responding Party further objects that this Request

20  calls for a legal conclusion, which is improper under CR 36.  Responding Party further objects to

21  the extent that this Request is not likely to lead to the discovery of admissible evidence.

22      Without waiving and subject to the foregoing objections, Responding Party responds as

23  follows:

24      Responding Party is unable to admit or deny this Request as stated.  As such, and based

25  upon the foregoing objections, Responding Party denies this Request.

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 22 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    Discovery is ongoing and Responding Party reserves the right to supplement or amend this

2    response.

3    **REQUEST FOR ADMISSION NO. 19:**  Admit that you were aware of the connection involving

4    Judge Thorp and GRFB's Associate Attorney, Brittany Torrence.

5    **RESPONSE:**

6    Objection.  Responding Party objects to the extent that this Request is vague and

7    ambiguous, and overbroad as to time and scope.  Responding Party further objects to the extent

8    that this Request is not likely to lead to the discovery of admissible evidence.

9    Without waiving and subject to the foregoing objections, Responding Party responds as

10   follows:

11   Deny.

12   Discovery is ongoing and Responding Party reserves the right to supplement or amend this

13   response.

14   **REQUEST FOR ADMISSION NO. 20:**  Admit that up until you made your first appearance

15   before the court that you were unresponsive to CFP/Moore Fire Protection's requests of mediation

16   coordination with Plaintiff.

17   **RESPONSE:**

18   Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

19   and overbroad in time and scope.

20   Without waiving and subject to the foregoing objections, Responding Party responds as

21   follows:

22   Deny.

23   Discovery is ongoing and Responding Party reserves the right to supplement or amend this

24   response.

25

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 23 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1  **REQUEST FOR ADMISSION NO. 21:**  Admit that you did not see the order to consolidate as

2  valid or binding prior to joining this case in March 2025.

3  **RESPONSE:**

4      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

5  and overbroad in time and scope, and compound.  Responding Party further objects that this

6  Request calls for a legal conclusion, which is improper under CR 36.

7      Without waiving and subject to the foregoing objections, Responding Party responds as

8  follows:

9  Deny.  Discovery is ongoing and Responding Party reserves the right to supplement or amend this

10  response.

11  **REQUEST FOR ADMISSION NO. 22:**  Admit that Plaintiff is not responsible in any way for

12  the October 5, 2023 flood.

13  **RESPONSE:**

14      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

15  and overbroad in time and scope, and calls for an expert opinion.  Responding Party further objects

16  that this Request calls for a legal conclusion, which is improper under CR 36.

17      Without waiving and subject to the foregoing objections, Responding Party responds as

18  follows:

19      Admit.

20      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

21  response.

22  **REQUEST FOR ADMISSION NO. 23:**  Admit that Plaintiff is not responsible for any of the

23  harm and damages she has suffered that's related to the incident itself and everything that has

24  happened since the incident.

25

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 24 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1  **RESPONSE:**

2      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

3  compound, and overbroad in time and scope.  Responding Party further objects that this Request

4  calls for a legal conclusion, which is improper under CR 36.  Responding Party further objects to

5  this Request to the extent that it calls for an expert opinion.

6      Without waiving and subject to the foregoing objections, Responding Party responds as

7  follows:

8      Deny.

9      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

10  response.

11  **REQUEST FOR ADMISSION NO. 24:**  Admit that your Answer and Affirmative Defenses are

12  inaccurate and/or incomplete, and fail to fully and truthfully represent the actions and events

13  alleged in this Complaint.

14  **RESPONSE:**

15      Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

16  compound, and overbroad in time and scope.  Responding Party further objects that this Request

17  calls for a legal conclusion, which is improper under CR 36.  Responding Party further objects to

18  this Request to the extent that it calls for an expert opinion.

19      Without waiving and subject to the foregoing objections, Responding Party responds as

20  follows:

21      Deny.

22      Discovery is ongoing and Responding Party reserves the right to supplement or amend this

23  response.

24  **REQUEST FOR ADMISSION NO. 25:**  Admit that you were recently cited and fined by the

25  City of Seattle Hearing Examiner for failing to complete required fire sprinkler system testing and

26  maintenance.

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 25 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    **RESPONSE:**

2         Objection.  Responding Party objects to the extent that this Request is vague, ambiguous,

3    compound, and overbroad in time and scope.  Responding Party further objects that this Request

4    is not likely to lead to the discovery of admissible evidence.

5         Without waiving and subject to the foregoing objections, Responding Party responds as

6    follows:

7         Responding Party is unable to admit or deny this Request as stated.  As such, and based

8    upon the foregoing objections, Responding Party denies this Request.

9         Discovery is ongoing and Responding Party reserves the right to supplement or amend this

10   response.

11   **REQUEST FOR ADMISSION NO. 26:**  Admit that you have a documented history of unsafe

12   conditions at Facility 8501, located at 1815 12th Avenue, Seattle, Washington 98122.

13   **RESPONSE:**

14        Objection.  Responding Party objects to this request pursuant to King County Local Rule

15   26(b)(4), which limits a party to no more than 25 Requests for Admission to another party,

16   exclusive of requests solely to the authenticity of documents, absent stipulation or leave of court.

17   Propounding Party has not obtained Responding Party's agreement to exceed this limit and has

18   not sought or received court permission to do so.  Therefore, Responding Party declines to respond

19   to Request for Admission No. 26 on the grounds that it exceeds the permissible number under the

20   Local Rules.

21

22

23

24

25

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 26 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    DATED:  October 31, 2025                    Respectfully submitted,

2                                                SEYFARTH SHAW LLP

3
                                                 By:    */s/ Andrew R. Escobar*
4                                                      Andrew R. Escobar, WSBA No. 42793
                                                       999 Third Avenue, Suite 4700
5                                                      Seattle, Washington 98104-4041
                                                       Phone: (206) 946-4910
6                                                      Email: aescobar@seyfarth.com

7                                                      Brenda K. Radmacher, *pro hac vice*
8                                                      Christopher Y. Bouquet, *pro hac vice*
                                                       601 South Figueroa Street, Suite 3300
9                                                      Los Angeles, California 90017-5793
                                                       Phone: (213) 270-9600
10                                                     Email: bradmacher@seyfarth.com
                                                              cbouquet@seyfarth.com
11

12                                                     *Attorneys for Defendant Public Storage*
                                                       *Operating Company, erroneously named and*
13                                                     *served as Shurgard Storage Centers dba*
                                                       *Public Storage Capitol Hill*
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC                SEYFARTH SHAW LLP
STORAGE CAPITOL HILL'S RESPONSES AND TO                          999 Third Avenue
PLAINTIFF'S FIRST REQUEST FOR ADMISSION                              Suite 4700
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT    Seattle, WA 98104-3100
(RCW 42.56) JURY TRIAL DEMANDED -Page 27 of 89                     (206) 946-4910

**CERTIFICATE OF SERVICE**

I do hereby certify that I have caused a true and correct copy of the foregoing document to be served via E-Mail and via USPS First Class mail upon the following:

Mikal Cordova Harrison
P.O. Box 257 PMB 10283
Olympia, WA  98507-0257
(206) 854-6876 | Phone
whitneymcordova@gmail.com

*Pro Se Plaintiff*

Liz Rhode
4380 S Macadam Ave., Suite 590
Portland, OR  97239
(503) 688-5020 | Phone
erhode@gillaspyrhode.com

*Counsel for CFP Fire Protection*

Dated this 31st day of October, 2025.


                    /s/ George Barrington
                George Barrington, Legal Assistant

DEFENDANT SHURGARD STORAGE CENTERS dba PUBLIC
STORAGE CAPITOL HILL'S RESPONSES AND TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSION
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED -Page 28 of 89

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

# EXHIBIT B

CFP Fire Protection/ Moore Fire Protection's admissions to Plaintiff's first set of RFAs.

EXHIBIT B

The Honorable Tanya Thorp

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

8

| | |
|---|---|
| HARRISON, MIKAL CORDOVA; | NO. 24-2-18021-4 SEA |
| Plaintiff, | **DEFENDANT CFP/MOORE FIRE** |
| vs. | **PROTECTION RESPONSE TO** |
| | **PLAINTIFF'S FIRST REQUESTS FOR** |
| SHURGARD STORAGE CENTERS, LLC | **ADMISSION** |
| DBA PUBLIC STORAGE CAPITOL HILL, | |
| Defendant. | |

9

10

11

12

13

14    TO:    Plaintiff Mikal Cordova Harrison; and

15    TO:    All other parties and their counsel of record.

16                    **PRELIMINARY STATEMENT**

17          In accordance with Civil Rules 26 and 36, as well as Local Civil Rules 26 and 36,

18    Defendant CFP/Moore Fire Protection, LLC. ("CFP/MFP[1]") responds to the requests for

19    admissions from Plaintiff Mikal Cordova Harrison ("Plaintiff"). The responses herein are

20    based upon information obtained to date and may need to be modified and/or supplemented

21    because discovery is ongoing and several witnesses with potentially pertinent testimony to the

22    Requests have yet to be deposed.  CFP/MFP hereby reserves the right to revise or supplement

23    its responses if necessary.

24    _____
      [1] For clarification CFP/Moore Fire Protection is not a legal entity, but an alleged amalgamation of two legal
      entities, Consolidated Fire Protection and T&T Moore Enterprises Corp., dba Moore Fire Protection; these two
25    entities are provided a joint defense.

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

CFP/MFP objects to Plaintiff's Requests for Admission to the extent that they seek information beyond the scope of discovery permitted by the Washington Rules of Civil Procedure, and to the extent that they seek to impose any discovery obligations beyond those imposed by the Rules.

CFP/MFP objects to Plaintiff's Requests for Admission to the extent that they seek admission which cannot be made cleanly and without qualification. *Weyerhauser Sales Co. v. Holden*, 32 Wn.2d 714, 726, 203 P.2d 685, 692 (1949).

CFP/MFP objects to Plaintiff's Requests for Admission to the extent that they seek to require CFP/MFP to concede either legal conclusions or major factual issues central to the lawsuit. *Brust v. Newton*, 70 Wn. App. 286, 295, 852 P.2d 1092 (1993) (citing <u>*Levy v. North Am. Co. for Life & Health Ins.,*</u> 90 Wash. 2d 846, 855, 586 P.2d 845 (1978); *Puget Sound Nat'l Bank v. St. Paul Fire & Marine Ins. Co.*, 32 Wash. App. 32, 49, 645 P.2d 1122, *review denied*, <u>97 Wash. 2d 1036 (1982)).</u>

CFP/MFP objects to Plaintiff's Requests for Admission to the extent that they are vague and ambiguous so that CFP/MFP is unable to determine what information is requested so as to formulate a response.

## <u>REQUESTS FOR ADMISSION</u>

<u>**REQUEST FOR ADMISSION NO. 1**</u>:    Admit that on or about October 5, 2023, your company or an affiliate of your company conducted a sprinkler inspection and test at Capitol Hill Public Storage facility #8501.

<u>**RESPONSE:**</u> [ X ]   Admit            [   ]   Deny

<u>**REQUEST FOR ADMISSION NO. 2**</u>:    Admit that the fire sprinkler system at the facility was not in full working condition or compliance with applicable codes at the time of the inspection and test.

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED) Page 31 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1    **RESPONSE:** [   ]   Admit              [ X ]   Deny

2    Objection:

3    This request is compound, vague, and ambiguous in that it combines two distinct inquiries:

4    whether the system was (1) "in full working condition" and (2) "in compliance with

5    applicable codes", into a single admission request. The phrase "applicable codes" is also

6    undefined, overly broad, and subject to multiple interpretations, which makes it unclear what

7    standard is being applied.

8

9

10    Without waiving the above objections, and after a reasonable inquiry, CFP/MFP denies the

11    request.

12

13    **REQUEST FOR ADMISSION NO. 3**:     Admit that you conducted a walkthrough

14    of the premises before beginning the inspection and test, including checking for visible signs

15    of damage, wear, or malfunction in the system.

16    **RESPONSE:** [   ]   Admit              [X]   Deny

17    Objection:

18    This request is compound and vague, particularly as to what constitutes a "walkthrough" and

19    "visible signs of damage, wear, or malfunction."

20    Without waiving the objection, CFP/MFP denies the request.

21

22    **REQUEST FOR ADMISSION NO. 4**:     Admit that the flooding incident was

23    caused by a broken or compromised main water line pipe during the inspection and test of the

24    fire sprinkler system.

25

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
FIRST REQUESTS FOR ADMISSIONS
(RCW 42.56) JURY TRIAL DEMANDED] Page 32 of 89

COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1    **RESPONSE:** [] Admit                [ X ]  Deny

2

3    **REQUEST FOR ADMISSION NO. 5**:        Admit that water pressure from the

4    broken pipe caused water to breach the cement wall of the stairwell leading to the basement

5    floor on the northeast side of the building.

6    **RESPONSE:** [] Admit                [ X ]  Deny

7

8    **REQUEST FOR ADMISSION NO. 6**:        Admit that your personnel contacted the

9    Seattle Fire Department during or immediately after the incident on October 5, 2023.

10    **RESPONSE:** [X]  Admit                [ ]  Deny

11

12

13    **REQUEST FOR ADMISSION NO. 7**:        Admit that you did not know the location

14    of the main water shutoff valve at the time of the inspection and during the flooding incident.

15    **RESPONSE:** [ ]  Admit                [ X ]  Deny

16    Without waiving any objections, CFP/MFP states that its personnel acted within the

17    scope of their duties as a fire protection contractor and took reasonable steps to ensure the city

18    water supply was shut off before their work.

19

20    **REQUEST FOR ADMISSION NO. 8**:        Admit that the flooding incident resulted

21    in water damage to approximately 456 tenant storage units and two neighboring businesses.

22    **RESPONSE:** [ ]  Admit                [ X ]  Deny

23    Objection:

24

25

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 33 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

This request seeks information that is not within the knowledge, possession, or control of CFP/MFP and pertains to matters outside the scope of its role as the fire protection contractor. CFP/MFP is not the property owner and did not conduct any damage assessments relating to tenant storage units or neighboring businesses.   Therefore, CFP/MFP denies for lack of knowledge.

Without waiving any objections, after a reasonable inquiry, CFP/MFP lacks sufficient information to admit or deny the request and therefore denies it pursuant to CR 36.

**REQUEST FOR ADMISSION NO. 9**:    Admit that the October 5, 2023 flooding incident occurred, at least in part, due to your failure to exercise reasonable care.

**RESPONSE:** [   ]   Admit              [ X ]   Deny

Objection:

This request calls for a legal conclusion, which is improper under CR 36. This Request for Admission may relate to facts or the application of law to fact, but this request seeks an ultimate conclusion of liability, which is reserved for the trier of fact. Furthermore, CFP/MFP maintains it did exercise reasonable care on the date of the alleged incident.

**REQUEST FOR ADMISSION NO. 10**:    Admit that you owed a duty of care to the Plaintiff at the time of the incident..

**RESPONSE:** [   ]   Admit              [   ]   Deny

Objection:

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

This request calls for a legal conclusion, which is improper under CR 36. This Request for Admission may relate to facts or the application of law to fact, but this request seeks an ultimate conclusion of liability, which is reserved for the trier of fact.

Therefore, CFP/MFP objects and declines to respond to this request.

**REQUEST FOR ADMISSION NO. 11**:    Admit that your conduct in connection with the October 5, 2023 incident fell below the standard of care expected of a reasonably prudent fire protection contractor operating in Washington State.

**RESPONSE:** [  ]  Admit             [ X ]  Deny

Objection:

This request calls for a legal conclusion, which is improper under CR 36. This Request for Admission may relate to facts or the application of law to fact, but this request seeks an ultimate conclusion of liability, which is reserved for the trier of fact.

Furthermore, CFP/MFP maintains it did exercise reasonable care on the date of the alleged incident.

**REQUEST FOR ADMISSION NO. 12**:    Admit that the harm suffered by Plaintiff was a foreseeable consequence of your actions or omissions.

**RESPONSE:** [  ]  Admit             [  ]  Deny

Objection:

This request calls for a legal conclusion, which is improper under CR 36. This Request for Admission may relate to facts or the application of law to fact, but this request seeks an ultimate conclusion of liability, which is reserved for the trier of fact.

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION
(RCW 42.56) JURY TRIAL DEMANDED) Page 35 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT

1   Therefore, CFP/MFP objects and declines to respond to this request.

2

3       **REQUEST FOR ADMISSION NO. 13**:     Admit that you had prior knowledge of

4   the condition or risks associated with the system or structure that caused the flooding incident.

5       **RESPONSE:** [  ]   Admit          [X]   Deny

6   Objection:

7   This request is vague, compound, and calls for a legal conclusion regarding "knowledge" and

8   "risks" associated with the system or structure. It also assumes facts not established and is

9   overly broad as to the scope of the "system or structure" that caused the flooding.

10

11  Without waiving the objection, CFP/MFP denies having prior knowledge of any condition or

12  risk specifically related to the cause of the flooding incident in this case.

13

14      **REQUEST FOR ADMISSION NO. 14**:     Admit that you conducted a fire sprinkler

15  system inspection on or around September 20, 2023 at Public Storage #8501.

16      **RESPONSE:** [X]   Admit          [ ]   Deny

17  After a reasonable inquiry and based on available records, CFP/MFP admits that it conducted

18  an annual fire sprinkler inspection on three dry systems at Public Storage #8501 on or about

19  September 20, 2023.

20

21      **REQUEST FOR ADMISSION NO. 15**:     Admit that on or about September 20,

22  2023, you reported deficiencies in Public Storage 8501 sprinkler system to the Seattle Fire

23  Marshall's office via online reporting.

24

25      **RESPONSE:** [  ]   Admit          [ X ]   Deny

**GILLASPY RHODE FADDIS & BENN LLC**

DEFENDANT CFP/MOORE FIRE                    821 Kirkland Avenue, Suite 200
PROTECTION RESPONSE TO PLAINTIFF'S          Kirkland, Washington 98033
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED – Page 36 of 89          Phone (425) 646-2956 Fax (425) 462-4995

1   After a reasonable inquiry and based on available records, CFP/MFP admits that it submitted

2   the September 20, 2023 inspection report for Public Storage #8501 through The Compliance

3   Engine, which transmits the report to the Seattle Fire Marshal's Office and notifies the

4   property owner.

5

6   CFP/MFP denies this request to the extent it assumes that deficiencies were reported, as

7   CFP/MFP lacks sufficient information to admit or deny what portions of the report the

8   requesting party characterizes as "deficiencies."

9

10       **REQUEST FOR ADMISSION NO. 16**:     Admit that you informed Public Storage

11  of the deficiencies after the inspection you conducted on September 20, 2023.

12       **RESPONSE:** [   ]   Admit             [ X ]   Deny

13  After a reasonable inquiry and based on available records, CFP/MFP admits that it submitted

14  the September 20, 2023 inspection report for Public Storage #8501 through The Compliance

15  Engine, which transmits the report to the Seattle Fire Marshal's Office and notifies the

16  property owner.

17  CFP/MFP denies this request to the extent it assumes that deficiencies were reported, as

18  CFP/MFP lacks sufficient information to admit or deny what portions of the report the

19  requesting party characterizes as "deficiencies."

20

21       **REQUEST FOR ADMISSION NO. 17**:     Admit that you did not directly notify

22  tenants of the incident, including Plaintiff.

23       **RESPONSE:** [X]   Admit             [   ]   Deny

24

25

1   CFP/MFP admits that it did not directly notify tenants of the incident, including Plaintiff,

2   because notification was not within its responsibility as the fire protection contractor and

3   CFP/MFP is not the property owner.

4

5   **REQUEST FOR ADMISSION NO. 18**:   Admit that you or your representatives

6   began remediation or repairs at the facility on or about October 6, 2023.

7   **RESPONSE:** [X]  Admit          [  ]  Deny

8   Objection:

9   This request is vague and ambiguous as to which communications are referenced and what

10   constitutes "you or your representative" or "began remediation or repairs" and "on or about

11   October 6, 2023.  Notwithstanding said objections, CFP/MFP was involved with work to put

12   the Public Storage fire sprinkler system back into service in the days after October 5, 2023.

13

14   **REQUEST FOR ADMISSION NO. 19**:   Admit that you have communicated with

15   Defendant Public Storage or their attorneys regarding the incident or this lawsuit.

16   **RESPONSE:** [X]  Admit          [  ]  Deny

17   Objection:

18   This request is vague and ambiguous as to which communications are referenced and what

19   constitutes "disclosed to the Court" or "entered into the official case record." Furthermore, it

20   improperly assumes facts not established.

21

22   Without waiving the objection, CFP/MFP admits that some communications with the other

23   defendant have occurred.

24

25

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED  Page 38 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1  **REQUEST FOR ADMISSION NO. 20**:    Admit that at least some of those

2  communications were not disclosed to the Court or entered into the official case record.

3  **RESPONSE:** [X]  Admit         [  ]  Deny

4  Objection:

5  This request is vague and ambiguous as to which communications are referenced and what

6  constitutes "disclosed to the Court" or "entered into the official case record." Furthermore, it

7  improperly assumes facts not established.

8

9  Without waiving the objection, CFP/MFP admits that some communications with the other

10  defendant were not disclosed to the Court or entered into the official case record because not

11  all communications between parties are required to be filed or made part of the court record.

12

13  **REQUEST FOR ADMISSION NO. 21**:    Admit that you did not serve Defendant

14  Public Storage with your motion to consolidate or the accompanying pleadings filed in or

15  around November 2024.

16  **RESPONSE:** [X]  Admit         [  ]  Deny

17

18

19  **REQUEST FOR ADMISSION NO. 22**:    Admit that, at the time the consolidation

20  motion was filed and/or granted, the Court did not have personal jurisdiction over Public

21  Storage.

22  **RESPONSE:** [  ]  Admit         [X]  Deny

23  Objection:

24

25

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

This request calls for a legal conclusion regarding the Court's jurisdiction and is premature and subject to dispute. It also combines two separate timeframes (when the motion was filed and when it was granted) into one request, making it compound and ambiguous.

Without waiving the objection, CFP/MFP denies the request.

**REQUEST FOR ADMISSION NO. 23**:    Admit that no proof or confirmation of service for your consolidation motion or order was ever filed regarding Public Storage.

**RESPONSE:** [   ]   Admit          [X]   Deny

This request for admission is a duplicate. See Answer to Request for Admission no. 7.

**REQUEST FOR ADMISSION NO. 24**:    Admit that a court cannot exercise jurisdiction over a party or issue binding procedural orders without proper service on all parties.

**RESPONSE:** [   ]   Admit          [X]   Deny

Objection:

This request calls for a legal conclusion regarding the Court's jurisdiction and is premature and subject to dispute.

Without waiving the objection, CFP/MFP denies the request.

**REQUEST FOR ADMISSION NO. 25**:    Admit that you filed your Answer to Plaintiff's Complaint only after Plaintiff filed a Motion for Entry of Default in March 2025.

**RESPONSE:** [X]   Admit          [   ]   Deny

**GILLASPY RHODE FADDIS & BENN LLC**

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR ADMISSIONS
(RCW 42.56) JURY TRIAL DEMANDED / Page 40 of 89

821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
Phone (425) 646-2956 Fax (425) 462-4995

CFP/MFP admits that it filed its Answer to Plaintiff's Complaint after Plaintiff filed a Motion for Entry of Default in March 2025. However, pursuant to CR 55, the filing of the Answer rendered Plaintiff's Motion for Entry of Default moot. This has been explained multiple times by the trial court and once by the appellate court.

**REQUEST FOR ADMISSION NO. 26**:   Admit that you filed your Answer without first seeking or obtaining leave of court.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 27**:   Admit that you have never filed an opposition to either of Plaintiff's Motions for Default.

**RESPONSE:**

Objection:

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1   CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

2   which limits a party to no more than 25 Requests for Admission, exclusive of requests

3   directed solely to the authenticity of documents, absent stipulation or leave of court.

4

5   Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or

6   received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for

7   Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under

8   the Local Rules.

9

10          **REQUEST FOR ADMISSION NO. 28**:     Admit that you did not disclose any

11   known professional, institutional, or social connections between your legal counsel and the

12   assigned judicial officer in this matter, Judge Tanya L. Thorp.

13          **RESPONSE:**

14   Objection:

15   CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

16   which limits a party to no more than 25 Requests for Admission, exclusive of requests

17   directed solely to the authenticity of documents, absent stipulation or leave of court.

18

19   Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or

20   received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for

21   Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under

22   the Local Rules.

23

24

25

**GILLASPY RHODE FADDIS & BENN LLC**

DEFENDANT CFP/MOORE FIRE                          821 Kirkland Avenue, Suite 200
PROTECTION RESPONSE TO PLAINTIFF'S                Kirkland, Washington 98033
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 42 of 89   Phone (425) 646-2956 Fax (425) 462-4995

1

**REQUEST FOR ADMISSION NO. 29**:     Admit that Plaintiff made documented

2
pre-litigation efforts to resolve the matter with your company before initiating this lawsuit.

3
**RESPONSE:**

4
Objection:

5
CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

6
which limits a party to no more than 25 Requests for Admission, exclusive of requests

7
directed solely to the authenticity of documents, absent stipulation or leave of court.

8

9
Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or

10
received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for

11
Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under

12
the Local Rules.

13

14
**REQUEST FOR ADMISSION NO. 30**:     Admit that no formal settlement offer has

15
ever been extended to Plaintiff by you or your representatives.

16
**RESPONSE:**

17
Objection:

18
CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

19
which limits a party to no more than 25 Requests for Admission, exclusive of requests

20
directed solely to the authenticity of documents, absent stipulation or leave of court.

21

22
Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or

23
received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for

24

25

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
(RCW 42.56) JURY TRIAL DEMANDED - Page 43 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1   Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under

2   the Local Rules.

3

4       **REQUEST FOR ADMISSION NO. 31**:     Admit that Plaintiff bears no fault for the

5   October 5, 2023 flooding incident or the resulting property damage.

6       **RESPONSE:**

7   Objection:

8   CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

9   which limits a party to no more than 25 Requests for Admission, exclusive of requests

10  directed solely to the authenticity of documents, absent stipulation or leave of court.

11

12  Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or

13  received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for

14  Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under

15  the Local Rules.

16

17      **REQUEST FOR ADMISSION NO. 32**:     Admit that Plaintiff is not responsible for

18  any delays, procedural issues, or complications that have occurred in the litigation of this

19  matter.

20      **RESPONSE:**

21  Objection:

22  CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4),

23  which limits a party to no more than 25 Requests for Admission, exclusive of requests

24  directed solely to the authenticity of documents, absent stipulation or leave of court.

25

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 44 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 33**:    Admit that you are presently prepared to engage in good faith efforts to resolve this case, including through mediation or trial.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 34**:    Admit that you are aware of at least one prior or existing professional or organizational affiliation between Judge Tanya L. Thorp and GRFB attorney Brittany Torrence.

**RESPONSE:**

Objection:

**GILLASPY RHODE FADDIS & BENN LLC**

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
~~FIRST REQUEST FOR ADMISSIONS~~
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 45 of 89

821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 35**:    Admit that you are aware Plaintiff has filed an appeal with the Washington Court of Appeals concerning the consolidation order and related jurisdictional issues.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained the CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 46 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

**REQUEST FOR ADMISSION NO. 36**:     Admit that you or your insurer made payments to Public Storage or any third-party contractors in connection with the October 5, 2023 incident, including for repairs, mitigation, or assessment services.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 37**:     Admit that payments made by or on behalf of CFP in relation to the October 5, 2023 incident were intended to address property damage and/or losses resulting from the incident.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 47 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 38**:    Admit that Public Storage has initiated subrogation claim against you.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 39**:    Admit that you or your company have or had a commercial general liability insurance policy in effect on or about October 5, 2023, with a coverage limit of at least $6 million.

**RESPONSE:**

Objection:

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED) Page 48 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 40**:    Admit that you were informed and are aware of Plaintiff's hardships and crises including her ongoing and current housing crisis.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

**REQUEST FOR ADMISSION NO. 41**:    Admit that Plaintiff bears no responsibility for any of the harm, losses, or damages she has suffered as a result of the

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED - Page 49 of 89

**GILLASPY RHODE FADDIS & BENN LLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

October 5, 2023 incident, including continuing impacts she has experienced since that date to the present.

**RESPONSE:**

Objection:

CFP/MFP party objects to these requests pursuant to King County Local Civil Rule 26(b)(4), which limits a party to no more than 25 Requests for Admission, exclusive of requests directed solely to the authenticity of documents, absent stipulation or leave of court.

Plaintiff has not obtained CFP/MFP's agreement to exceed this limit and has not sought or received court permission to do so. Therefore, CFP/MFP declines to respond to Requests for Admission Nos. 26 through 41 on the grounds that they exceed the permissible number under the Local Rules.

DATED this 19th day of September 2025.

GILLASPY RHODE FADDIS & BENN LLC

*/s/ Elizabeth K. Rhode*
Elizabeth K. Rhode, WSBA No. 37004
erhode@gillaspyrhode.com
*Counsel for Consolidated Fire Protection, Inc. and T&T Moore Enterprises Corp. dba Moore Fire Protection*

DEFENDANT CFP/MOORE FIRE
PROTECTION RESPONSE TO PLAINTIFF'S
COMPLAINT FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT
(RCW 42.56) JURY TRIAL DEMANDED] Page 50 of 89

GILLASPY RHODE FADDIS & BENN LLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

1

## **CERTIFICATE OF SERVICE**

2

3         The undersigned certifies under the penalty of perjury under the laws of the State of

4   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

5   resident of the State of Washington, over the age of eighteen years, not a party to or interested

6   in the above-entitled action, and competent to be a witness herein.

7         On the date given below I caused to be served a true and accurate copy of the

8   foregoing on the following via the manner indicated below:

9

10  Mikal Cordova Harrison                          Andrew R. Escobar
    PO Box 257                                      Seyfarth Shaw LLP
11  Olympia, WA 98507                               Brenda K. Radmacher, *pro hac vice*
    mikalcordova@gmail.com                          Christopher Y. Bouquet, *pro hac vice*
12  whitneymcordova@gmail.com                       999 Third Avenue, Suite 4700
    harrisonmwc@gmail.com                           Seattle, WA 98104
13  *Plaintiff*                                     aescobar@seyfarth.com
    [ ] US Mail                                     bradmacher@seyfarth.com
14  [X] Email                                       cbouquet@seyfarth.com
    [X] ECF                                         gbarrington@seyfarth.com
15                                                  *Attorneys for Defendant Shurgard Storage*
                                                    *Centers d/b/a Public Storage Capitol Hill*
16                                                  [ ] US Mail
                                                    [X] Email
17                                                  [X] ECF

18

19

20        Dated this 19th day of September 2025.

21                                                  */s/Christine J. Golborne*_____
                                                    Christine Golborne
22

23

24

25

# EXHIBIT C

Public Storage's reply to Plaintiff's Supreme Court Petition for discretionary review.

FILED
SUPREME COURT
STATE OF WASHINGTON
11/24/2025 11:38 AM
BY SARAH R. PENDLETON
CLERK

NO. 104711-8

SUPREME COURT
OF THE STATE OF WASHINGTON

---

MIKAL CORDOVA HARRISON,

Petitioner,

v.

CFP/MOORE FIRE PROTECTION and SHURGARD STORAGE CENTERS
dba PUBLIC STORAGE,

Respondent.

---

## ANSWER TO MOTION FOR DISCRETIONARY REVIEW

---

Brenda K. Radmacher,
*pro hac vice*
bradmacher@seyfarth.com
Christopher Y. Bouquet,
*pro hac vice*
cbouquet@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017-5793
Phone: (213) 270-9600

Andrew R. Escobar
aescobar@seyfarth.com
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

*Attorneys for Respondent Shurgard Storage Centers
dba Public Storage Capitol Hill*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND FACTS .......................................................................... 1

III.  RESPONSE TO STATEMENT OF THE CASE ...................................... 2

IV.   ARGUMENT ............................................................................................ 4

    A.    The Supreme Court Need Not Accept Review .......................................... 4

    B.    Petitioner Has Not Demonstrated that the Court of Appeals' Order
          is an Obvious or Probable Error ................................................................ 5

          1.    The consolidation of cases was proper ............................................ 6

          2.    The Court of Appeals' denial of review was not an abuse of
                 discretion ...................................................................................... 7

          3.    There is no evidence of judicial bias or misconduct ........................ 7

          4.    Petitioner was not denied constitutional rights ............................... 8

          5.    Petitioner has not established that the Court of Appeals'
                 Order would render further proceedings useless or
                 substantially alter the status quo or limit her freedom to act ........... 9

V.    CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Dependency of N.G. (2022)*
   199 Wash.2d 588, 596 .......................................................................................5, 6

*Minehart v. Morning Star Boys Ranch, Inc. (2010)*
   156 Wn. App.  457, 462 .......................................................................................5

**Statutes**

RCW 4.12.050.......................................................................................7

**Other Authorities**

CR 5(a) .......................................................................................3, 6

CR 42 .......................................................................................6

November 25, 2024, a Motion to Consolidate the CFP/Moore Action with
   Case No. 24-2-18021-4 .......................................................................................2

RAP 2.3(b) .......................................................................................5, 6

RAP 2.3(b)(1) .......................................................................................5, 6

RAP 2.3(b)(2) .......................................................................................5

RAP 2.3(b)(3) .......................................................................................5

RAP 13.3 .......................................................................................7

RAP 13.3(b) .......................................................................................7

RAP 13.5(a) .......................................................................................4

RAP 13.5(b) .......................................................................................4, 5, 9

## I.    INTRODUCTION

Respondent Shurgard Storage Centers dba Public Storage ("Public Storage") respectfully submits this Answer opposing Petitioner's Motion for Discretionary Review (the "Motion").

Petitioner's Motion seeks the Supreme Court's discretionary review of a September 23, 2025 Court of Appeals Order denying Petitioner's motion to modify a commissioner's ruling (the "Order").[1]  (*See* Appendix, Exhibit A, p. 4) The Order also indicated that the Court of Appeals had reviewed Petitioner's supplement to her motion requesting a writ of mandamus, writ of prohibition, vacatur of trial court orders, and reassignment to a new judge, and determined that they should be denied. (Appendix, Exhibit A, p. 4)

Petitioner's instant Motion fails to establish a justification for this Court to accept discretionary review of the Court of Appeal's Order.  The Motion fails to demonstrate that the Court of Appeal made an obvious—or even probable—error that has substantially limited Petitioner's freedom to act or deviated from the usual course of judicial proceedings.  Accordingly, Public Storage respectfully requests that Petitioner's Motion be denied.

Alternatively, Respondents respectfully submit that, if the Motion is granted, the Court of Appeals' Order should be affirmed.

## II.    BACKGROUND FACTS

On August 9, 2024, Petitioner filed two separate but related actions in King County Superior Court, Cause Nos. 24-2-18026-5 SEA and 24-2-18021-4 SEA.

---

[1] The Commissioner's ruling was filed on July 7, 2025, and denied Petitioner's motion for discretionary review of: (1) May 14, 2025 order denying a motion for default; (2) a May 14, 2025 order denying a motion for recusal of the trial judge; (3) a May 14, 2025 order granting pro hac vice admission of counsel; and (4) orders consolidating two cases that Petitioner initially filed separately against two different defendants.  (Appendix, Exhibit B, p. 6)

On October 22, 2024, Petitioner served Respondent CFP Fire Protection d/b/a Moore Fire Protection ("CFP/Moore") with Petitioner's First Amended Complaint in the related action Cause No. 24-2-18021-5 SEA (the "CFP/Moore Action"). CFP/Moore timely filed its Notice of Appearance on October 23, 2024, and then, on November 25, 2024, a Motion to Consolidate the CFP/Moore Action with Case No. 24-2-18021-4 SEA (the "Public Storage Action"), which was granted by the Court in its Order consolidating the two matters on December 9, 2024. (Appendix, Exhibit D, p. 11.)

Petitioner did not serve Public Storage with her Complaint in the Public Storage Action until a year later, on March 24, 2025 (Appendix, Exhibit F, p. 18); Public Storage timely filed its notice of appearance on April 14, 2025, and answered the Complaint two days later on April 16, 2025.

Well before effecting service on Public Storage and continuing through the present date, Petitioner has repeatedly filed motions contesting the consolidation, objecting to the trial court Judge, seeking recusal of the Judge, and seeking reconsideration of orders without basis – ultimately leading to the instant Motion.[2]

## III.    RESPONSE TO STATEMENT OF THE CASE

Petitioner's narrative mischaracterizes the procedural history of the case and omits key facts to suggest that the Court of Appeals' Order ignored serious jurisdictional and constitutional issues brought by her underlying motion. The crux of Petitioner's argument lies in a contention that the trial court lacked personal jurisdiction over Public Storage when it consolidated the two actions, and all of the trial court's subsequent acts (and the Court of Appeals' denial of discretionary review) were therefore improper.

---

[2] A table illustrating Petitioner's repeated motion efforts is attached to the Appendix as Exhibit C, at p. 9.

Petitioner asserts that the trial court lacked personal jurisdiction over Public Storage because, at the time of the trial court's consolidation of the two underlying actions, December 9, 2024, Public Storage had not yet appeared in the case, and thus was not served with Respondent CFP/Moore's motion for consolidation.

In reality, the lack of formal service of the consolidation motion was simply due to the fact that Petitioner had not yet served Public Storage with her complaint, and did not do so until March 24, 2025, approximately seven (7) months after filing her complaint, and four (4) months after CFP/Moore's motion to consolidate. Until Public Storage was served and a party to the case, CFP/Moore had no obligation to serve the motion to consolidate. *See* CR 5(a). Thus, Petitioner's jurisdictional arguments have no merit, and should be rejected by the Court. The Court of Appeals acted well within its discretion in denying Petitioner's original motion to modify and for discretionary review.

Petitioner's Motion also makes several assertions about judicial misconduct and bias, including a claim that Petitioner was denied constitutional access to the courts because of a filing restriction. These claims are equally misleading. Petitioner has been unable to provide any meaningful support for her allegations of judicial bias.[3] Similarly, the alleged "filing restriction" was simply part of the trial court's order where Petition's underlying motions were denied with prejudice and the trial court admonished Petitioner against subsequent filings related to further motions regarding the consolidation of the cases, the prior court rulings, or claims of judicial bias, where the court ordered: "[a]ny further motion to address this relief may be subject to sanction including striking the motion and monetary sanctions."

---

[3] After Petitioner's original motion for judicial recusal, Respondent CFP/Moore's counsel clarified as a matter of courtesy that her firm's involvement with the non-profit organization for which the Superior Court Judge Tanya Thorpe serves on the board is limited to nominal annual donations and membership by one associate who rarely attends events and has no interaction with Judge Thorpe.

(Appendix, Exhibit E, p. 14)   A denial with prejudice is a far cry from an unconstitutional denial of Petitioner's access to the courts.

Petitioner has failed to establish any justification for further discretionary review by the Supreme Court.   Thus, Public Storage respectfully requests that Petitioner's Motion be denied.

## IV.   ARGUMENT

### A.    The Supreme Court Need Not Accept Review

First, Petitioner's Motion is untimely under RAP 13.5(a), which states that a party seeking review by the Supreme Court of an interlocutory decision of the Court of Appeals must file a motion for discretionary review in the Court of Appeals within 30 days after the decision is filed.   Here, the Court of Appeals filed its Order on Motion to Modify (the "Order") on September 23, 2025.   Petitioner did not file the instant Motion until October 24, 2025, 31 days after the Order.

More importantly, Petitioner's Motion fails to demonstrate any of the factors required to justify this Court's acceptance of discretionary review as required under RAP 13.5(b).   RAP 13.5(b) states:

> Discretionary review of an interlocutory decision of the Court of Appeals will be accepted by the Supreme Court only: (1) if the Court of Appeals has committed an obvious error which would render further proceedings useless; or (2) if the Court of Appeals has committed probable error and the decision of the Court of Appeals substantially alters the status quo or substantially limits the freedom of a party to act; or (3) if the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a trial court or administrative agency, as to call for the exercise of revisory jurisdiction by the Supreme Court.

Here, Petitioner has failed to establish any of the required factors.   Petitioner's Motion asserts that the Order left unresolved jurisdictional and constitutional challenges to the trial court's handling of the case.   This assertion is misplaced for several reasons—Petitioner misunderstands the legal issues regarding the jurisdiction of the trial court, and neither further legal proceedings nor her future

freedom to act have been impacted in any way. Petitioner's Motion is based on procedural disagreements or misunderstandings and speculative allegations of bias, none of which warrant the Supreme Court's intervention.

### B. Petitioner Has Not Demonstrated that the Court of Appeals' Order is an Obvious or Probable Error

Petitioner now seeks discretionary review of the Court of Appeals' Order denying her motion to modify the July 7, 2025 Commissioner's Ruling, which had in turn denied discretionary review of a series of trial court decisions.

The Court of Appeals' determination as to whether to accept discretionary review is governed by RAP 2.3(b), which mirrors the language and standards of RAP 13.5(b). *See* RAP 2.3(b); RAP 13.5(b). Discretionary review may be granted under RAP 2.3(b)(1) if the trial court committed "obvious error which would render further proceedings useless." Under RAP 2.3(b)(2), the Court of Appeals may grant review if the superior court commits probable error and its decision substantially alters the status quo or substantially limits the freedom of a party to act. RAP 2.3(b)(3) allows discretionary review where the trial court "has so far departed from the accepted and usual course of judicial proceedings . . . as to call for review" by the Court of Appeals.

Furthermore, "Interlocutory review is disfavored." (*Minehart v. Morning Star Boys Ranch, Inc.* 156 Wn. App. 457, 462 (2010) (*citing Maybury v. City of Seattle* 53 Wn.2d 716, 721) (1959)). Appellate courts generally do not "interfere in the ordinary process of litigation in the superior courts prior to final judgment." *Maybury*, 53 Wn.2d at 720. This Court has also recognized that "'[w]here a trial court's action merely alters the status of the litigation itself or limits the freedom of a party to act in the conduct of the lawsuit, even if the trial court's action is probably erroneous, it is not sufficient to invoke review under RAP 2.3(b)(2).'" *In re Dependency of N.G.* (2022) 199 Wn.2d 588, 596 (*citing State v. Howland* 180 Wn.

App. 196) (2014). Even after a finding of probable error, discretionary review may be properly denied where the error did not substantially alter the status quo under RAP 2.3(b).  *See id.*, at 601. However, nothing in the Motion demonstrates either.

Here, Petitioner asserts a variety of arguments to attempt to suggest an obvious or probable error, but fails on each account.

### 1.    The consolidation of cases was proper

As explained above, Petitioner contends that the consolidation of cases was improper because the trial court did not have personal jurisdiction over Public Storage.  However, the facts demonstrate that CFP/Moore had no obligation to serve its motion on Public Storage under CR 5(a).

Public Storage was not a formal party to the case until it was served with Petitioner's Complaint. However, Petitioner did not serve her Complaint on Public Storage until well after the motion was filed. Petitioner did not effect service on Public Storage until March 24, 2025, approximately (7) seven months after filing her complaint, and four (4) months after CFP/Moore's motion to consolidate. Until Public Storage was served and a party, there was no obligation to serve the motion to consolidate. *See* CR 5(a).

Furthermore, the trial court's consolidation of cases was proper under Washington State law, as the two cases arose out of the same events and circumstances, squarely the type of consolidation anticipated under CR 42.  The two underlying cases pled claims including common questions of law and fact. Petitioner believes there may be distinct causes of action against the responding parties, but this is in addition to overlapping claims, damages, parties, and circumstances. Therefore, the both the trial court and the Court of Appeals were well within their discretion.  To the extent any procedural irregularities exist, they were harmless and do not rise to the level of reversible error under RAP 2.3(b)(1) or (3).

### 2. The Court of Appeals' denial of review was not an abuse of discretion

Petitioner further argues that the Court of Appeals improperly denied review, and instead contends that review was mandatory. Petitioner cites RCW 4.12.050 to suggest that a motion to disqualify a judge upon a showing of bias is not discretionary, and RAP 13.3(b) to suggest that review is appropriate where a case involves significant legal issues or public interest. (Motion, p. 9.)  Neither of these authorities actually support Petitioner's arguments.

First, RCW 4.12.050 only governs notices of disqualification, and makes no mention of appellate review of a denial of a motion to disqualify.  *See* RCW 4.12.050.  Similarly, RAP 13.3 governs *discretionary* review, rather than mandatory. RAP 13.3(b) specifically provides instructions for a party seeking review of a Court of Appeals decision terminating review.  *See* RAP 13.3(b).

Petitioner has failed to demonstrate that the Court of Appeal's denial of her motion to modify the commissioner's ruling was an abuse of discretion. The standard for a trial court's abuse of discretion is where a trial court decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons....' A discretionary decision rests on 'untenable grounds' or is based on 'untenable reasons' if the trial court relies on unsupported facts or applies the wrong legal standard; the court's decision is 'manifestly unreasonable' if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take.'"  *State v. Howland* 180 Wn. App. 196, 204 (2014). Petitioner fails to demonstrate that the Court of Appeals' Order relied on any unsupported facts or incorrect legal standards, and furthermore has not established— or even argued—that the Order adopted a view that no reasonable person would take.

### 3. There is no evidence of judicial bias or misconduct

Petitioner's allegations of judicial bias are speculative and unsupported by the record.  The trial court's rulings were based on legal grounds and applied equally to

all parties.  The trial court undertook special effort to detail basis for denials in certain orders.  Petitioner's only support for her allegations of bias and misconduct are related to Respondent CFP/Moore's counsel's law firm's nominal and attenuated relationship with a non-profit for which the Superior Court Judge Tanya Thorpe is a board member and an associate in CFP/Moore's law firm is a member.

However, the law is clear: participation in professional legal organizations does not constitute a conflict of interest under the Code of Judicial Conduct. *See* CJC 2.11; CJC 3.1 (Comment 1).  The Court of Appeals' original July 7, 2025 Commissioner's ruling reviewed these facts and confirmed the same.  The denial of Petitioner's recusal motions was proper and does not justify discretionary review.

### 4.    Petitioner was not denied constitutional rights

Finally, Petitioner's attempt to demonstrate that she has been denied constitutional access to the courts is a fundamental misunderstanding of the legal process related to denials with prejudice. As previously explained, Petitioner's motion objecting to the consolidation of the cases was evaluated and denied with prejudice, based on the Court's review of all of the facts and evidence presented. The Court was thorough and repeatedly reviewed Petitioner's multiple and doubled-down efforts, issued a final order denying her reconsideration requests. The trial court issued a warning that "[a]ny further motion to address this relief may be subject to sanction including striking the motion and monetary sanctions."  (Appendix, Exhibit E, p. 14)  This warning was as to the specific issues that Petitioner has sought to re-litigate, and is not a breach of Petitioner's constitutional rights by any stretch of the imagination. Rather, the Court gave due consideration to Petitioner's repeated motions and the reached a determination sounded in Washington state law. Petitioner's viewpoint that the Court got it wrong is not a breach of any due process or other constitutional right but the reasonable exercise of the Court's discretion.

Thus, as each of Petitioner's instant arguments are unfounded, the Motion must be denied.

**5.    Petitioner has not established that the Court of Appeals' Order would render further proceedings useless or substantially alter the status quo or limit her freedom to act**

Petitioner's Motion fails to demonstrate, or even present any basis, that the Court of Appeals' Order would render further proceedings useless or substantially alter the status quo or limit her freedom to act. To the contrary, the consolidation of the motions should serve to streamline her legal efforts, as both of the underlying actions arose from the same set of facts and circumstances. Without such a showing, this Court need not accept discretionary review of Petitioner's Motion.

## V.    CONCLUSION

Appellant has not met the standards for discretionary review under RAP 13.5(b). The Court of Appeals' rulings were within its discretion, and no extraordinary circumstances justify Supreme Court intervention. Accordingly, Respondents respectfully request that the Court deny the Motion for Discretionary Review, and grant any further relief the Court deems just and proper.

I hereby certify that this memorandum contains 2,709 words in compliance with RAP 18.17.

/ /

/ /

/ /

Dated this 24th day of November, 2025.

SEYFARTH SHAW LLP

By: _____*/s/ Andrew R. Escobar*_____

Andrew R. Escobar, WSBA No. 42793
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: aescobar@seyfarth.com

Brenda K. Radmacher, *pro hac vice*
Christopher Y. Bouquet, *pro hac vice*
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Phone: (213) 270-9600
Email: bradmacher@seyfarth.com
        cbouquet@seyfarth.com

*Attorneys for Defendant Public Storage Operating Company, erroneously named and served as Shurgard Storage Centers dba Public Storage Capitol Hill*

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused the foregoing to be served via email and to be mailed via U.S. First Class mail pursuant to the parties' e-service agreement, and to be filed via the Washington State Appellate Courts' E-Filing Portal, which provides email notification with link(s) to:

Mikal Cordova Harrison
PO Box 257
Olympia, WA 98507
mikalcordova@gmail.com
whitneymcordova@gmail.com
harrisonmwc@gmail.com

*Plaintiff/Petitioner*

DATED this 24th day of November, 2025, at Seattle, Washington

*s/ George Barrington*
George Barrington, Legal Assistant
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104
Phone: (206) 946-4910
Email: gbarrington@seyfarth.com

## SEYFARTH SHAW LLP

## November 24, 2025 - 11:38 AM

## Transmittal Information

**Filed with Court:** Supreme Court
**Appellate Court Case Number:** 104,711-8
**Appellate Court Case Title:** Mikhal Cordova Harrison v. CFP/Moore Fire Protection et al.

**The following documents have been uploaded:**

- 1047118_Answer_Reply_20251124112158SC442157_5322.pdf
   This File Contains:
   Answer/Reply - Answer to Motion for Discretionary Review
   *The Original File Name was 20251124 Answer to Cordova S Ct Mtn for Discretionary Review.pdf*
- 1047118_Other_20251124112158SC442157_2391.pdf
   This File Contains:
   Other - Appendix in Support of Respondent's Answer to Peti
   *The Original File Name was 20251124 Appendix to Answer to Motion for Discretionary Review.pdf*

**A copy of the uploaded files will be sent to:**

- bradmacher@seyfarth.com
- cbouquet@seyfarth.com
- erhode@gillaspyrhode.com
- harrisonmwc@gmail.com
- mikalcordova@gmail.com
- seadocket@seyfarth.com
- whitneymcordova@gmail.com

**Comments:**

Respondent's Answer to Petitioner's Motion for Discretionary Review and Appendix in Support of Respondent's Answer to Petitioner's Motion for Discretionary Review

---

Sender Name: Andrew Escobar - Email: aescobar@seyfarth.com
Address:
999 3RD AVE STE 4700
SEATTLE, WA, 98104-4041
Phone: 206-946-4910

**Note: The Filing Id is 20251124112158SC442157**

# EXHIBIT D

CFP Fire Protection/ Moore Fire Protection's reply to Plaintiff's Supreme Court Petition for discretionary review.

King County Superior Court No. 24-2-18021-4 SEA
Court of Appeals of the State of Washington No. 88194-9
Supreme Court of the State of Washington No. 104711-8

_____

**SUPREME COURT OF THE STATE OF WASHINGTON**
_____


Mikal Cordova Harrison, Petitioner,

v.

Shurgard Storage Centers dba Public Storage, et al.,

Respondents.

_____


RESPONDENT'S RESPONSE TO PETITONERS' MOTION

FOR DISCRETIONARY REVIEW

_____

Elizabeth K. Rhode, WSBA #37004
Gillaspy Rhode Faddis & Benn LLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Tel: 425-646-2956
Fax: 425-462-4995
Email: erhode@gillaspyrhode.com
*Counsel for Defendant/Respondent*
*Consolidate Fire Protection, Inc.*
*and T&T Moore Enterprise Corp.*
*dba Moore Fire Protection*

*Respondents' Response to Appellants Motion for Discretionary*
*Review* | 1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................... 3

**I.   INTRODUCTION** ............................................... 4

**II.  ASSIGNMENT OF ERRORS** ......................................... 6

**III. STATEMENT OF THE CASE** ....................................... 7

**IV. ARGUMENT** ................................................... 9

*1.   Consolidation of the Underlying Matters was and is Appropriate and the court was not acting in a void posture.* . 9

*2.   Petitioner's claim that the Trial Courts ruling on her motion are ministerial duties is incorrect.* ........................... 12

*3.   The Court of Appeals did not err in denying discretionary review of this matter.* .......................................... 14

*4.   No Evidence of Judicial Bias or Misconduct* ................. 16

*5.   Petitioner has not been Denied Access to the Court, and her Fundamental Rights have not been violated.* ................. 16

**V.   CONCLUSION** ............................................... 18

*Respondents' Response to Appellants Motion for Discretionary Review | 2*

# TABLE OF AUTHORITIES

## Cases

*City of Bothell v. Gutschmidt*, 78 Wash.App. 654, 662, 898 P.2d 864 (1995);........................................................................ 13

*In re Marriage of Markowski*, 50 Wn. App. 633, 635–36, 749 P.2d 754, 755–56 (1988),.................................................. 10

*Rash v. Providence Health & Servs.*, 183 Wash. App. 612, 627, 334 P.3d 1154, 1162 (2014). ............................................... 11

*Sorenson v. Dahlen*, 136 Wash. App. 844, 856, 149 P.3d 394, 400 (2006) ........................................................................ 13

*Swanson v. Olympic Peninsula Motor Coach Co.*, 190 Wash. 35, 38, 66 P.2d 842 (1937). .................................................. 13

## Statutes

RCW 2.28.010(3). .................................................................... 17

## Other Authorities

CJC 2.11 ................................................................................. 16
CR 11 ...................................................................................... 18
CR 4 ......................................................................................... 9
CR 42 .................................................................................. 9, 11
RAP 12.3(d).......................................................................... 15
RAP 18.17(c)......................................................................... 19
RAP 2.3(b)............................................................................ 15

*Respondents' Response to Appellants Motion for Discretionary Review* | 3

## I.  <u>INTRODUCTION</u>

Respondents CFP/Moore Fire Protection ("CFP/MFP"[1])

respectfully submit this response to Petitioner's Motion for

Discretionary Review (the "Motion"). The issues raised in

Petitioner's Motion for Discretionary Review reiterate issues

that have been briefed extensively at the trial and appellate

court levels: no new legal grounds or arguments are raised other

than Petitioner's dissatisfaction with the September 23, 2025,

Court of Appeals Order denying Petitioner's motion to modify a

commissioner's ruling (the "Order"). Rather, and with all due

respect, the Motion for Discretionary Review repeats

unfounded and incorrect presumptions of judicial and

---

[1] For clarification CFP/Moore Fire Protection is not a legal
entity, but an alleged amalgamation of two legal entities,
Consolidated Fire Protection and T &T Moore Enterprises
Corp., dba Moore Fire Protection: these two entities are
provided a joint defense.

*Respondents' Response to Appellants Motion for Discretionary
Review* | 4

procedural error by the Courts, reprises mistaken or incorrect applications of the relevant court rules, and parrots unfounded accusations of impropriety by the defending parties and their counsel.

Petitioner still fails to demonstrate that the trial court committed probable error and acted outside its jurisdiction. The Motion for Discretionary Review is another representation of Petitioner's misinterpretations of legal precedent, disagreement with prior rulings, and unfounded allegations of judicial bias none of which warrant appellate intervention at this stage.

Respondents respectfully request Petitioner's Motion for Discretionary Review be denied.

Respondents rely on arguments made in the extensive underlying record submitted by Petitioner, along with the addition of new and reiteration of certain key points.

*Respondents' Response to Appellants Motion for Discretionary Review* | 5

## II.    <u>**ASSIGNMENT OF ERRORS**</u>

Below is the assignment of errors asserted by Petitioner in the motion:

1. Whether the trial court acted without jurisdiction when it consolidated the cases without proper service and proceeded with rulings under a void posture.

2. Whether the trial court was required to perform ministerial duties (e.g., vacating void orders, allowing motions, recusal) and erred in treating those duties as discretionary.

3. Whether the Court of Appeals (and its commissioner) erred in denying review based on discretionary reasoning when jurisdictional defects and constitutional violations were properly raised.

*Respondents' Response to Appellants Motion for Discretionary Review | 6*

4. Whether judicial immunity shields a judge who refuses recusal, ignores binding authority, and issues orders in the absence of jurisdiction.

5. Whether the cumulative denial of access to courts, suppression of motions, and judicial misconduct constitute a deprivation of due process and equal protection.

### III. STATEMENT OF THE CASE

On August 9, 2024, Petitioner (aka "Plaintiff" for purposes of the Statement of the Case circuit court procedural history) as Plaintiff, filed two separate but related actions in King County Superior Court, Cause Nos. 24-2-18026-5 SEA and 24-2-18021-4 SEA, respectively naming defendants CFP/MFP and Shurgard Storage Centers dba Public Storage ("Public Storage"). *Petitioner's Supplement to Pending Motions for Review (CA) at 45-46.*

*Respondents' Response to Appellants Motion for Discretionary Review | 7*

On December 9, 2024, and in agreement with Defendant

CFP/MFP, the Honorable Sandra Widlan signed the Order

Granting CFP/MFP's Motion for Consolidation. *Petitioner's*

*Motion for Discretionary Review. (CA) at 1-2.* Following that

order, the Plaintiff has engaged in excessive motions practice by

filing multiple motions. On June 10, 2025, the Petitioner filed a

Motion for Discretionary Review with the appellate court. This

motion was denied by the commissioner. Petitioner filed a

motion to modify commissioner's ruling for discretionary

review on August 4, 2025, this motion was denied on

September 23, 2025. *See Petitioners Motion for Discretionary*

*Review, Washington Supreme Court, Filed, at 3.*

*Respondents' Response to Appellants Motion for Discretionary*
*Review | 8*

## IV.    <u>ARGUMENT</u>

1. <u>*Consolidation of the Underlying Matters was and is*</u>
<u>*Appropriate and the court was not acting in a void*</u>
<u>*posture.*</u>

The trial court did not sua sponte enter an order consolidating

two unrelated cases. Petitioner's narrative mischaracterizes the

procedural history, misinterprets CR 4 and CR 42, and omits

key facts in her motion. Petitioner's Motion for Discretionary

Review also discards the extensive underlying briefing, trial

court orders and the Commissioner's Ruling Denying Motion

for Discretionary Review determining that "(3) Harrison, as the

plaintiff in both suits, lacks standing to object to consolidation

based on a challenge to jurisdiction or dispute as to sufficiency

of service to another party;" *See Commissioner's Ruling*

*Denying Motion for Discretionary Review.*

 As was apparent to the Commissioner, the consolidation of

cases was properly granted under CR 42(a), and the alleged

service deficiencies were not deficient. Respondent CFP/MFP

*Respondents' Response to Appellants Motion for Discretionary*
*Review | 9*

moved the trial court to consolidate Petitioner's separate complaints against it and Public Storage where they arose out of the same underlying events and circumstances, i.e. a flooding event that occurred at Respondent Public Storage's facility at 1815 12th Avenue in Seattle Washington, where CFP/MFP was performing sprinkler system maintenance and where Petitioner rented units 701 and 801.  Both of Petitioner's underlying complaints allege the same total damages arising out of the same event, with slightly different causes of action pled against CFP/MFP and Public Storage.

Petitioner cites *In re Marriage of Markowski*, 50 Wn. App. 633, 635–36, 749 P.2d 754, 755–56 (1988), as an example that any order entered without personal jurisdiction is void and must be vacated. That reliance is misplaced. *Markowski* involved a dissolution decree entered against a spouse who was never properly served, and the Court of Appeals held the decree void

*Respondents' Response to Appellants Motion for Discretionary Review* | 10

because it adjudicated substantive rights of a party over whom

the court had no jurisdiction. As the court emphasized, an order

that purports to bind a party who has not been served is void.

*Markowski* does not stand for the proposition that a court lacks

authority to perform administrative or managerial acts, such as

consolidating related actions for judicial efficiency. *Balfour,*

*Guthrie & Co. v. Com. Metals Co.,* 93 Wash. 2d 199, 201, 607

P.2d 856, 857 (1980).

Here, by contrast, the consolidation order did not adjudicate any

rights, impose liability, or enter judgment against Public

Storage. Consolidation under CR 42(a) is a procedural device,

not a jurisdictional act. Washington law is clear that

consolidation "does not merge the suits into a single cause or

change the rights of the parties" but merely coordinates

proceedings for efficiency. *Rash v. Providence Health & Servs.,*

183 Wash. App. 612, 627, 334 P.3d 1154, 1162 (2014).

*Respondents' Response to Appellants Motion for Discretionary*
*Review | 11*

Additionally, Public Storage was not a party to the action against CFP/MFP and counsel had not appeared for Public Storage in the case in which it was a party, so service was not made.  CFP/MFP had the right to move to consolidate two cases arising out of the same underlying facts and had no obligation to serve what was then an unappeared party.

This is a textbook example of claims properly consolidated, though it seems perhaps Petitioner does not understand that she has maintained separate and distinct legal claims against each of the Respondents which will be decided by a jury, even if they are presented to the same jury at the same trial.  Petitioners' motion should be denied because the consolidation has not made it impossible for fair adjudication on the merits.

   2. _Petitioner's claim that the Trial Courts ruling on her motion are ministerial duties is incorrect._

Petitioner's argument the trial court mischaracterized ministerial duties as a discretionary act is flawed.

*Respondents' Response to Appellants Motion for Discretionary Review* | 12

Judges' ministerial duties relate to the administrative and
procedural elements of the court. A ministerial duty is a duty
clearly prescribed by law that leaves no room for personal
judgment or discretion. When a law explicitly defines what a
judge (or any public official) must do in a certain situation, the
official is obliged to follow it exactly. For example, it is a
court's responsibility to set a trial date, and if a Judge delegated
cede duty to their court clerk and the clerk failed to do so, this
would be a violation of ministerial duties. *Sorenson v. Dahlen*,
136 Wash. App. 844, 856, 149 P.3d 394, 400 (2006) *Citing: City
of Bothell v. Gutschmidt*, 78 Wash.App. 654, 662, 898 P.2d 864
(1995);see also *Swanson v. Olympic Peninsula Motor Coach
Co.*, 190 Wash. 35, 38, 66 P.2d 842 (1937).

Here that is not the case. The only violation of a ministerial
duty would be if the trial court refused to respond to
Petitioner's motions, which has simply not occurred, despite

*Respondents' Response to Appellants Motion for Discretionary
Review* | 13

Petitioner's abuse of the motions process. Since Consolidation,

Petitioner has filed nearly fifteen motions with the trial court

regarding default, vacatur, modification, clarification and

recusal. Some of these were denied because they were not filed

procedurally correctly, however, many were properly reviewed

and an order was issued denying the motions based on law.

Judge Thorp wrote three lengthy motions explaining her rulings

to Petitioner. The trial court has properly ruled on all motions,

and no ministerial duties have been violated.

   3.  _The Court of Appeals did not err in denying discretionary_
       _review of this matter._

The Court of Appeals did not err in denying discretionary

review because (1) the Court of Appeals can deny any type of

discretionary review and (2) there are no jurisdictional or

constitutional issues at play in this matter.

While a party can raise concerns about constitutionality or

jurisdiction for the first time in Appellate court, it does not

_Respondents' Response to Appellants Motion for Discretionary_
_Review | 14_

automatically compel the Court of Appeals to grant discretionary review, the court's decision is inherently *discretionary*.  RAP 2.3(b). Appellant cites RAP 12.3(d) claiming a "review panel must provide reasoning where constitutional or jurisdictional issues are raised." This is a mischaracterization of this rule, as the rule concerns a motion requesting the Court of Appeals to publish an opinion regarding constitutionality or jurisdiction, not that they must hear a discretionary review on constitutionality or jurisdiction.

Additionally, as stated above, there are no jurisdictional or constitutional issues. The issue of consolidation is procedural, and Petitioner has not been denied due process, as her motions have been reviewed by the trial court or appellate court. Because Petitioner does not agree with the rulings of these courts does not mean the rulings are themselves jurisdictional or constitutional issues.

*Respondents' Response to Appellants Motion for Discretionary Review* | 15

4. *No Evidence of Judicial Bias or Misconduct*

Petitioners' allegations of judicial bias are speculative and unsupported by the record.

The trial court's rulings were based on legal grounds and applied equally to all parties. The trial court undertook special effort to detail its basis for denials in certain orders. Participation in professional legal organizations does not constitute a conflict of interest under CJC 2.11. The denial of recusal motions was proper and does not justify discretionary review.

Again, Judge Thorp has not acted without jurisdiction or outside of the scope of judicial authority.

5. *Petitioner has not been Denied Access to the Court, and her Fundamental Rights have not been violated.*

The trial court imposing a filing restriction has not prevented Petitioner from seeking relief, thus her constitutional rights have not been violated.

*Respondents' Response to Appellants Motion for Discretionary Review | 16*

The Washington court has the authority to manage the conduct of litigants. Courts can impose filing restriction on a litigant who repeatedly files the same motion. RCW 2.28.010(3). An order has been granted to protect Respondents from incurring increased litigation costs responding to frivolous motions.

As reflected in the Statement of the Case, Petitioner has filed numerous motions seeking the same relief that has already been adjudicated. CFP/MFP through its best efforts has attempted to respond to every motion, at a detrimental cost. Thus, Judge Thorp's September 3, 2025, ruling held that any future motion filed by Petitioner shall not warrant a response by Respondent unless called for by the court in an order. This ruling has not been heeded or served to restrict Petitioner's motions practice. On the contrary, Petitioner filed a new motion for clarification on November 20, 2025.

*Respondents' Response to Appellants Motion for Discretionary Review* | 17

Even more so, Petitioner has been warned multiple times that sanctions under CR 11 may be ordered if she continues to file motions on issues that have already been adjudicated. To date, no sanctions have been issued. Frankly, Petitioner has been granted immense patience by the court regarding the extensive filing of her motions.

## V.    <u>CONCLUSION</u>

The Court of Appeals' rulings were within its discretion and no extraordinary circumstances justify Supreme Court intervention. Accordingly, Respondents respectfully request this Court:

- Deny/Dismiss Petitioner's Motion to for Discretionary Review; but

-  If Discretionary Review is allowed, allow the case to proceed in the trial court; and Grant any further relief the

*Respondents' Response to Appellants Motion for Discretionary Review | 18*

Court deems just and proper, and consideration of an

award of sanctions.

This Brief contains 2,078 words, excluding the parts of the

Brief that are exempt from the word limit set by RAP 18.17(c).

Respectfully submitted this 24th of November 2025.

*Respondents' Response to Appellants Motion for Discretionary Review* | 19

# <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served a true and accurate copy of the foregoing on the following via the manner indicated below per RAP 18.5 and CR 5(b):

Mikal Cordova Harrison
PO Box 257
Olympia, WA 98507
mikalcordova@gmail.com
whitneymcordova@gmail.com
harrisonmwc@gmail.com
*Plaintiff/Appellant*

[X]  US Mail
[X] Email

Andrew R. Escobar
Seyfarth Shaw LLP
Brenda K. Radmacher, *pro hac vice*
Christopher Y. Bouquet, *pro hac vice*
999 Third Avenue, Suite 4700
Seattle, WA 98104
aescobar@seyfarth.com

*Respondents' Response to Appellants Motion for Discretionary Review* | 20

[X] WA State Appellate Court
eFiling Portal

bradmacher@seyfarth.com
cbouquet@seyfarth.com
gbarrington@seyfarth.com
*Attorneys for*
*Defendant/Respondent*
*Shurgard Storage Centers*
*d/b/a Public Storage*
*Capitol Hill*

[X]  US Mail
[X] Email
[X] WA State Appellate
Court eFiling Portal

Dated this 24th day of November 2025.

*/s/Christine J. Golborne*
Christine Golborne

*Respondents' Response to Appellants Motion for Discretionary Review* | 21