UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKAL CORDOVA HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLIC STORAGE; CFP FIRE PROTECTION/MOORE FIRE PROTECTION; GILLASPY RHODE FADDIS & BENN, LLC; SEYFARTH SHAW LLP; ELIZABETH RHODE; ANDREW ESCOBAR; CHRIS BOUQUET; BRENDA RADMACHER; AND DOES 1–10, DEFENDANTS.,<br><br>Defendants. | No. 2:25-cv-02431-JHC<br><br>DEFENDANT CFP FIRE PROTECTION/MOORE FIRE PROTECTION'S ANSWER TO PLAINTIFF'S COMPLAINT |

TO: Clerk of the Court; and

TO: Mikal Cordova Harrison, Plaintiff; and all Other Parties and their Counsel.

COMES NOW Defendant CFP/Moore Fire Protections ("Dendant CFP/Moore"), by and through their attorneys of record, Tyson & Mendes, LLP, files their Answer and Affirmative Defenses to Plaintiff's Complaint for Abuse of Process, Misrepresentation, and Related Claims, and admits, denies, and alleges as follows:

//

//

//

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 1

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

## I.    INTRODUCTION

1. Does not require a response. To the extent that a response is required, this paragraph calls for a legal conclusion, so it is denied.

2. Does not require a response. To the extent that a response is required, this paragraph calls for a legal conclusion, so it is denied.

3. Does not require a response. To the extent that a response is required, this paragraph calls for a legal conclusion, so it is denied.

## II.    JURISDICTION AND VENUE

4. Deny.

5. Admitted once timely service of the summons and complaint has been effectuated upon the defendants.

## III.    PARTIES

6. Defendant CFP/Moore lacks knowledge as to Plaintiff's residential history, children, or sister, therefore denied. Also, to the extent this response calls for a legal conclusion it is denied.

7. Defendant CFP/Moore lacks knowledge of Defendant Public Storage's operations and where it conducts business, therefore it is denied.

8. To the extent this response calls for a legal conclusion, it is denied. Otherwise, admitted.

9. To the extent this response calls for a legal conclusion, it is denied. Also, denied as GRFB no longer represents Defendant CFP/Moore in the related state-court matter due to the potential conflict created by Plaintiff's naming them in this complaint as a defendant.

10. Defendant CFP/Moore lacks knowledge of Seyfarth Shaw LLP's operations, therefore denied. Also, to the extent this response calls for a legal conclusion, it is denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 2

11. To the extent this response calls for a legal conclusion, it is denied. Also, denied as GRFB and Elizabeth Rhode's no longer represent Defendant CFP/Moore in the related state-court matter due to the potential conflict created by Plaintiff's naming them in this complaint as a defendant.

12. Defendant CFP/Moore lacks knowledge regarding the operations of Seyfarth Shaw LLP and its attorneys Andrew Escobar, Chris Bouquest, and Brenda Radmacher, therefore it is denied. Also, to the extent that this response calls for a legal conclusion, it is denied.

13. No Response required. To the extent a response is required, it calls for a legal conclusion, so it is denied.

### IV.    FACTUAL BACKGROUND

14. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

15. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

16. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

17. To the extent this response calls for a legal conclusion, it is denied. Otherwise, admitted.

18. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 3

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

19. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

20. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

21. To the extent this response calls for a legal conclusion, it is denied. Otherwise, admitted.

22. To the extent this response calls for a legal conclusion, it is denied. Also, new counsel for CFP/Moore has not seen this email, therefore denied.

23. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

24. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Seyfarth Shaw, so denied.

25. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Seyfarth Shaw, so denied.

26. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and Seyfarth Shaw, so denied.

27. Admit.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 4

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

28. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and Seyfarth Shaw, so denied.

29. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and Seyfarth Shaw, so denied.

30. Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

31. Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and Plaintiff's spam folder, so denied.

32. Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, so denied.

33. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and Seyfarth Shaw, so denied.

34. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant lacks knowledge as to Plaintiff's claimed damages, therefore denied.

35. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant lacks knowledge as to Plaintiff's children and sister nor there claimed damages, therefore denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 5

36. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant lacks knowledge as to Plaintiff's claimed damages, therefore denied.

37. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

38. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

39. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

40. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

41. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

42. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

43. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 6

44. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

45. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

46. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

47. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

48. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

49. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

50. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 7

51. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

13. Does not require a response. To the extent that a response is required, this paragraph calls for a legal conclusion, so it is denied.

## V.    CAUSES OF ACTION

52. Does not require a response.

53. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

54. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

55. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage, its counsel, and Plaintiff's alleged damages, so denied.

56. Does not require a response.

57. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 8

TYSON & MENDES, LLP
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

58. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

59. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

60. Does not require a response.

61. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

62. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding the actions of Public Storage and its counsel, so denied.

63. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

## VI.    DAMAGES

64. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

65. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 9

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

66. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

67. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

68. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's children and sister's claimed damages, so denied.

69. This paragraph calls for a legal conclusion; therefore, no response is required. To the extent a response is required, denied. Furthermore, Defendant CFP/Moore lacks knowledge regarding Plaintiff's claimed damages, so denied.

70. Does not require a response. To the extent that a response is required, calls for a legal conclusion, therefore, denied.

## VII.   RELIEF REQUESTED

WHEREFORE, in response to Plaintiff's RELIEF REQUESTED Section and WHEREFORE Paragraph sections 71 through 78, CFP FIRE PROTECTION/MOORE FIRE PROTECTION denies each and every one of Plaintiff's relief requested.

## VIII.   AFFIRMATIVE DEFENSES

By way of further answer, and as affirmative defenses to Plaintiff's Complaint, Defendant CFP/Moore alleges as follows:

a.   The Court may lack subject matter jurisdiction over Defendant CFP/Moore.

b.   The Court may lack personal jurisdiction over Defendant CFP/Moore.

c.   Plaintiff fails to state a claim for which relief can be granted.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 10

d.  Plaintiff may have failed to perfect service of process and sufficiency of process; improper service.

e.  Plaintiff may have failed to mitigate her alleged damages.

f.  Plaintiff's damages, if any, are barred by estoppel, injury by fellow servant, waiver, laches, statute of limitation, and statute of repose.

g.  Entities and/or persons other than Defendant CFP/Moore may be responsible for damages claimed in this case by Plaintiff. In that event, fault should be allocated to these other entities and/or persons. These potentially at-fault entities and/or persons are the other named defendants and others unknown and unnamed and over whom Defendant CFP/Moore had no control. Defendant reserves the right to identify additional entities and/or persons as they become known through discovery.

h.  Plaintiff's damages, if any, were proximately caused by one or more unforeseeable, independent, intervening, or superseding events beyond Defendant CFP/Moore's control, and unrelated to any conduct of CFP/Moore. Any actions and/or omissions of CFP/Moore were superseded by the negligence and wrongful conduct of others.

i.  Defendant of CFP/Moore performed all acts with good faith, in conformance with state and federal law and safety regulations, and in conformance with the accepted standard of care for rendering or performing similar services.

## IX.    PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserted his Affirmative Defenses, Defendant CFP/Moore requests the following relief:

a.  That judgment be entered indicating that Plaintiff shall take nothing by her Complaint, and that Plaintiff's claims be dismissed with prejudice;

b.  That in the event Plaintiff is entitled to any recovery as alleged in her Complaint, that amount of said recovery will be reduced in accordance with the Affirmative Defenses pled herein;

c.  That any recovery to which Plaintiff may be entitled will be allocated or apportioned among parties and nonparties, pursuant to federal law;

d.  That CFP/Moore be awarded costs and reasonable attorneys' fees allowed by law, equity, applicable statue(s), and/or contracts and agreements; and

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 11

TYSON & MENDES, LLP
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

e.   That CFP/Moore be awarded such other and further relief as the Court deems just and

reasonable.

DATED this 24th day of June, 2026.

TYSON & MENDES, LLP

By _____
Gordon C. Klug, WSBA#21449
Sean Reilly, WSBA #62489
Attorneys for Defendant CFP Fire
Protection/Moore Fire Protection.

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 12

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375

# CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury under the laws of the State of Washington that I caused to be served a true and correct copy, except where noted, of the foregoing upon the individual(s) listed by the following means:

| | |
|---|---|
| **Clerk of Court:**<br><br>United States District Court<br>Western District of Washington<br>At Seattle | [X] E-Filed |
| **Pro Se Plaintiff:**<br><br>Mikal Cordova Harrison<br><br>PO BOX 257 PMB 10283<br>OLYMPIA, WA 98507<br>206-854-6876<br>Email: harrisonwc@gmail.com | [X]  U.S. Postal Service (First Class)<br>[   ] Via Legal Messenger<br>[X] E-Service/E-Mail: |
| **Defendant X:** | |
| **Defendant Y:** | |
| **Defendant Z:** | |

DATED: June 24, 2026.

*s/Melanie Miller*

Melanie Miller, Legal Assistant
melanie.miller@tysonmendes.com

DEFENDANT CFP/MOORE FIRE PROTECTION'S
ANSWER TO PLAINTIFF'S COMPLAINT - 13

**TYSON & MENDES, LLP**
600 Stewart Street, Suite 1500
Seattle, WA 98101
TEL: (206) 420-4267
FAX: (206) 420-4375