**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MIKAL CORDOVA HARRISON,

      Plaintiff,

vs.

SHURGARD STORAGE CENTERS dba
PUBLIC STORAGE, et.al

      Defendants

Case No. 2:25-cv-02431-JHC

**PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE, OPPOSITION TO PUBLIC STORAGE'S REQUEST TO DISMISS UNSERVED DEFENDANTS WITHOUT PREJUDICE, AND REQUEST FOR LEAVE TO APPLY FOR COURT-APPOINTED COUNSEL**

**PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE, OPPOSITION TO PUBLIC STORAGE'S REQUEST TO DISMISS UNSERVED DEFENDANTS WITHOUT PREJUDICE, AND REQUEST FOR LEAVE TO APPLY FOR COURT-APPOINTED COUNSEL**

I.     RELIEF REQUESTED:

1. Plaintiff Mikal Cordova Harrison, proceeding pro se, respectfully submits this combined response to the Court's Order to Show Cause concerning service and opposes Defendant Public Storage's request for entry of an order dismissing the unserved defendants without prejudice.

2. Plaintiff respectfully requests that the Court enter an order: (a) finding the Order to Show Cause satisfied; (b) denying Public Storage's request to dismiss Gillaspy Rhode Faddis & Benn, LLC, Seyfarth Shaw LLP, Elizabeth Rhode, Andrew Escobar, Chris Bouquet, Brenda Radmacher, and Does 1-10 at this time; (c) granting Plaintiff sixty (60) days to complete service

and file proof of service as to any defendant the Court determines remains unserved; and (d) granting Plaintiff leave to file a complete application for court-appointed counsel or referral to the Western District of Washington Pro Bono Panel

II.    II. INTRODUCTION:

3. Dismissal is not the proper remedy on this record. Plaintiff's failure to respond earlier to the Court's Order to Show Cause was not intentional, tactical, or the product of disregard for the Court. It occurred during a severe housing crisis, displacement, and family instability that materially impaired Plaintiff's ability to meet technical service and filing obligations.

4. Public Storage asks this Court to terminate claims against multiple defendants based on a procedural service issue, not on the merits. The Federal Rules do not require that result. Rule 4(m) expressly gives the Court two available remedies where service has not been completed within the prescribed period: dismissal without prejudice or an order directing service within a specified time. Fed. R. Civ. P. 4(m). Where good cause exists, the Court must extend the time for service. Id.

5. Plaintiff requests the narrower, fairer, and rule-supported remedy: a short service extension. A sixty-day cure period protects the Court's docket, preserves orderly procedure, avoids prejudice to all parties, and permits this matter to proceed on the merits rather than through a technical forfeiture caused by documented hardship.

III.    III. RELEVANT PROCEDURAL BACKGROUND:

6. This action was filed by Plaintiff pro se in the Western District of Washington under Case No. 2:25-cv-02431-JHC.

7. On April 6, 2026, the Court entered an Order to Show Cause concerning service on certain defendants.

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 2

8. Plaintiff's response was due during the same period in which Plaintiff was facing severe housing instability, eviction-related displacement, financial hardship, and caregiving obligations for minor children.

9. Plaintiff did not ignore the Court. Plaintiff was operating under circumstances that substantially impaired the ability to prepare, file, serve, and track federal litigation documents while also attempting to secure shelter and family stability.

10. Public Storage now seeks dismissal without prejudice of Gillaspy Rhode Faddis & Benn, LLC, Seyfarth Shaw LLP, Elizabeth Rhode, Andrew Escobar, Chris Bouquet, Brenda Radmacher, and Does 1-10. Public Storage's proposed order recognizes that the claims against Public Storage and CFP Fire Protection/Moore Fire Protection would remain pending.

11. Plaintiff does not seek to avoid service obligations. Plaintiff seeks a defined extension to complete service and to correct any service deficiency the Court identifies.

IV.    II. ARGUMENTS:

*A. Rule 4(m) Authorizes a Service Extension and Requires One Upon Good Cause*

12. Federal Rule of Civil Procedure 4(m) provides that when a defendant has not been served within 90 days after the complaint is filed, the Court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

13. The Rule further provides that when the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

14. The Supreme Court has recognized that Rule 4's time limit is not designed to create needless forfeitures where a curative order can protect the parties and the docket. Henderson v. United States, 517 U.S. 654, 662-63 (1996).

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 3

15. The Ninth Circuit likewise recognizes that district courts possess broad discretion under Rule 4(m) to extend time for service even without a formal finding of good cause. Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007). Courts consider factors including actual notice, prejudice, the length and reason for delay, and the plaintiff's diligence. Id.; Lemoge v. United States, 587 F.3d 1188, 1198-99 (9th Cir. 2009).

16. Here, good cause exists. Plaintiff's non-response occurred during a documented period of severe housing hardship and displacement. Plaintiff was not strategically delaying service. Plaintiff was navigating urgent personal circumstances that directly affected the ability to comply with technical federal service requirements.

17. Even apart from mandatory good-cause relief, the equitable factors support an extension. A sixty-day extension is short, definite, and curative. Dismissal would elevate a procedural defect over merits adjudication and would create unnecessary duplication, refiling issues, and further delay.

*B. Excusable Neglect Supports Relief From the Missed OSC Response Deadline*

18. The Court also has authority to extend time after a missed deadline where the failure resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

19. Excusable neglect is an equitable concept. The controlling factors include prejudice to the opposing party, length of delay, reason for delay, whether the delay was within the reasonable control of the movant, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853, 855-60 (9th Cir. 2004) (en banc).

20. Those factors favor Plaintiff. Public Storage has not shown concrete prejudice from a short cure period. The requested extension is limited. The reason for the missed response was

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 4

severe housing disruption and family displacement, not bad faith. Plaintiff now appears before the Court seeking to cure the issue directly.

21. Courts in the Ninth Circuit favor merits resolution where the opposing party suffers no meaningful prejudice and the missed deadline resulted from excusable neglect rather than willful disregard. See Lemoge, 587 F.3d at 1195-99.

*C. Dismissal Is Disfavored Where a Curative Service Order Fully Protects the Process*

22. Service rules are important, but the purpose of service is notice and proper invocation of jurisdiction, not the creation of procedural traps for a self-represented litigant facing extraordinary hardship.

23. The Ninth Circuit has held that technical service defects do not automatically require dismissal where the defendant received actual notice, prejudice is absent, a justifiable excuse exists, and dismissal would severely prejudice the plaintiff. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

24. Plaintiff recognizes that actual notice alone does not automatically cure defective service. Plaintiff therefore requests the precise remedy contemplated by Rule 4(m): a specified period to complete service and file proof.

25. A dismissal without prejudice is still a dismissal. It would force needless procedural duplication, risk confusion across related proceedings, and reward a technical objection at a stage where a direct service order would resolve the issue entirely.

26. The Court can preserve the integrity of Rule 4 while avoiding unnecessary harshness by ordering service within sixty days.

*D. Leave to Apply for Court-Appointed Counsel Is Warranted*

27. Plaintiff also seeks leave to file a complete application for court-appointed counsel or

referral to the Western District of Washington Pro Bono Panel.

28. Under 28 U.S.C. § 1915(e)(1), the Court has authority to request an attorney to represent an indigent civil litigant. Appointment is discretionary and appropriate in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

29. The Ninth Circuit evaluates exceptional circumstances by considering the likelihood of success on the merits and the plaintiff's ability to articulate claims in light of the complexity of the legal issues. Id.; Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

30. This matter presents procedural complexity beyond an ordinary pro se case. It involves multiple represented defendants, alleged service issues, overlapping state and federal litigation, discovery history, corporate defendants, law firm defendants, and procedural motions that materially affect Plaintiff's ability to reach the merits.

31. Plaintiff is indigent, displaced, and caring for minor children while litigating against multiple defendants represented by experienced counsel. These conditions substantially impair Plaintiff's practical ability to complete service, manage deadlines, respond to motions, and present the claims in a legally orderly manner.

32. Plaintiff does not ask the Court to appoint counsel based on hardship alone. Plaintiff requests leave to submit a complete application supported by a financial affidavit, attorney-contact history, and a concise merits statement, or alternatively referral to the Pro Bono Panel for consideration.

33. Granting leave to apply for counsel will not prejudice Defendants. It will promote orderly case management and assist the Court in moving the case forward on a proper record.

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 6

V.    CONCLUSION:

34. Plaintiff respectfully requests that the Court deny Public Storage's request to dismiss the unserved defendants at this stage.

35. Plaintiff further requests that the Court find the Order to Show Cause satisfied, grant Plaintiff sixty (60) days to complete service and file proof of service as to any defendant requiring service, and grant Plaintiff leave to file a complete application for court-appointed counsel or referral to the Western District of Washington Pro Bono Panel.

36. Plaintiff is prepared to comply with any specific service instructions ordered by the Court and to file proof of service within the time allowed.

DATED this 29th day of June, 2026.

Respectfully submitted,

Mikal Cordova Harrison, Pro Se Plaintiff
USPS General Delivery
Mountlake Terrace, WA 98043
Temporary Address Due to Housing Displacement
Phone: 206-854-6876
Email: whitneymcordova@gmail.com

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 7

**CERTIFICATE OF SERVICE:**

I certify that on this 29th day of June, 2026, I served a true and correct copy of the foregoing document upon all counsel and parties of record by the method permitted under the Federal Rules of Civil Procedure, the Local Civil Rules for the Western District of Washington, and/or the Court's electronic filing system where applicable.

DATED this 29th day of June, 2026.

Mikal Cordova Harrison, Pro Se Plaintiff
*ARR-w/o Prejudice, UCC 1-308*
USPS General Delivery
Mountlake Terrace, WA 98043
Temporary Address Due to Housing Displacement
Phone: 206-854-6876
Email: whitneymcordova@gmail.com

PLAINTIFF'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE - 8