IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASINGTON AT SEATTLE

MIKAL CORDOVA HARRISON,

Plaintiff,

v.

PUBLIC STORAGE; CFP FIRE PROTECTION/MOORE FIRE PROTECTION; GILLASPY RHODE FADDIS & BENN, LLC; SEYFARTH SHAW LLP; ELIZABETH RHODE; ANDREW ESCOBAR; CHRIS BOUQUET; BRENDA RADMACHER; AND DOES 1–10,

Defendants.

Case No. 2:25-cv-2431-JHC

**ORDER GRANTING DEFENDANT PUBLIC STORAGE'S MOTION FOR MISCELLANEOUS RELIEF, DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO COMPLETE SERVICE, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION APPLICATION FOR COURT-APPOINTED COUNSEL**

THIS MATTER comes before the Court on Defendant Public Storage's Motion for Miscellaneous Relief: Entry of Order Dismissing Unserved Defendants Without Prejudice Following Plaintiff's Non-Response to Order to Show Cause, Dkt. # 17, Plaintiff's Combined Response to Order to Show Cause, Opposition to Public Storage's Request to Dismiss Unserved Defendants Without Prejudice, and Request for Leave to Apply for Court-Appointed Counsel, Dkt. # 18, and Plaintiff's Motion Application for Court-Appointed Counsel Under 28 U.S.C. § 1915(e)(1), Dkt. No. 18-3.

The Court has considered Public Storage's Motion, Plaintiff's combined filing, Plaintiff's declaration, Plaintiff's proposed order, Plaintiff's application for court-appointed counsel, Public Storage's opposition, the Declaration of Todd A. Bowers, the Court's April 6, 2026 Order to Show Cause, and the remaining record.

On April 6, 2026, the Court entered an Order to Show Cause concerning Plaintiff's failure to timely serve Defendants Gillaspy Rhode Faddis & Benn, LLC, Seyfarth Shaw LLP, Elizabeth Rhode, Andrew Escobar, Chris Bouquet, Brenda Radmacher, and Does 1–10 within the time permitted by Federal Rule of Civil Procedure 4(m). Dkt. No. 15. The Court ordered Plaintiff to show cause within ten days why those Defendants should not be dismissed for failure to comply with Rule 4(m). The Court further advised Plaintiff that, if she did not demonstrate good cause for the failure, the Court would dismiss those Defendants without prejudice.

Plaintiff's response to the Order to Show Cause was due April 16, 2026. Plaintiff did not respond by that deadline. Nor did Plaintiff file proof of service as to the Defendants identified in the Order to Show Cause, request an extension of the Rule 4(m) service deadline, or otherwise demonstrate good cause by the deadline set by the Court.

Plaintiff later filed a combined response, declaration, proposed order, and application for court-appointed counsel on June 29, 2026. Dkt. Nos. 18, 18-1, 18-2, 18-3. Plaintiff requests that the Court deem the Order to Show Cause satisfied, deny dismissal of the unserved Defendants, grant Plaintiff an additional sixty days to complete service, and appoint counsel or refer the matter to the Western District of Washington Pro Bono Panel.

The Court does not find good cause or excusable neglect sufficient to excuse Plaintiff's failure to timely serve the Defendants identified in the April 6, 2026 Order to Show Cause or to timely respond to that Order. Plaintiff has not shown that she attempted service as to the identified Defendants, requested an extension before the deadline expired, filed proof of service, or otherwise took concrete steps to complete service during the Rule 4(m) period or within the deadline set by the Court's Order to Show Cause.

The Court further finds that an additional sixty-day extension to complete service is not warranted on the present record. Plaintiff's request for an extension is therefore denied.

The Court also finds that Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel at this time. She demonstrates neither a likelihood of success on the merits (instead offering only conclusory assertions) nor an inability to articulate her claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's application for court-appointed counsel or referral to the Western District of Washington Pro Bono Panel is therefore denied without prejudice.

The Court accepts and adopts Defendant Public Storage's analyses at Dkt. # 17 and 19.

Accordingly, the Court ORDERS as follows:

1. Defendant Public Storage's Motion for Miscellaneous Relief, Dkt. # 17, is GRANTED.
2. Plaintiff's request to deem the April 6, 2026 Order to Show Cause satisfied is DENIED.
3. Plaintiff's request for an additional sixty days to complete service is DENIED.
4. Plaintiff's Motion Application for Court-Appointed Counsel Under 28 U.S.C. § 1915(e)(1), Dkt. No. 18-3, is DENIED WITHOUT PREJUDICE. This resolves the motion at Dkt. # 18.
5. Plaintiff's claims against Defendants Gillaspy Rhode Faddis & Benn, LLC, Seyfarth Shaw LLP, Elizabeth Rhode, Andrew Escobar, Chris Bouquet, Brenda Radmacher, and Does 1–10 are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).
6. The Clerk is DIRECTED to terminate Gillaspy Rhode Faddis & Benn, LLC, Seyfarth Shaw LLP, Elizabeth Rhode, Andrew Escobar, Chris Bouquet, Brenda Radmacher, and Does 1–10 as Defendants in this action.
7. This Order does not dismiss or otherwise adjudicate Plaintiff's claims against Defendants Public Storage or CFP Fire Protection/Moore Fire Protection. Those claims remain pending.

8. Nothing in this Order adjudicates the merits of Plaintiff's claims against the remaining Defendants or waives any defenses available to the remaining Defendants, including lack of personal jurisdiction, insufficient process, insufficient service of process, failure to timely serve, and any procedural, pleading, or merits defenses.

DATED: July 27, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE